## VAN W. HALE v. S. J. HALE.

1. DIVORCE.—The general doctrine applicable to suits for divorce, that recrimination is a valid defense, though the divorce is sought on other grounds than adultery, is a doctrine that rests in the clearest reason and in exact justice. This is clearly so, when the recriminatory fact is of the like character as the act of the defendant, for which the divorce is sought, or was induced or occasioned by the act or conduct of the plaintiff, and was in retaliation on account of it. This rule would not apply, if the act claimed by the defendant to have been done in retaliation, was so grossly in excess of the provocation that it could not be said to have been caused by it.
2. DIVORCE.—To entitle the plaintiff to a divorce, it is not sufficient that the evidence shows him to be less in fault than defendant. He has no cause to complain, or right to be relieved from the obligation of the matrimonial contract, which he has violated in like manner as the defendant.
3. DIVORCE.—When the evidence, in a suit for divorce, shows that the difference between the conduct of the plaintiff and defendant is merely a slight difference in the degree of guilt, the court will not interfere, by granting a divorce.

APPEAL from Lamar. Tried before the Hon. R. R. Gaines.

This case is one in which both parties appealed; and though with much force and ability each argued against the enforcement of a judgment, it was affirmed notwithstanding. The history, as disclosed by the evidence, of the unfortunate incidents which resulted in alienating the affections of and ultimately separating the parties, would subserve no useful purpose, and its publication is not required to illustrate the principles enunciated in the opinion.

*Maxey, Lightfoot & Gill, Bennett, Ballinger & Bennett, B. J. Barrows, Jr.,* and *D. H. Scott,* for V. W. Hale.—After arguing at much length the facts in the case on the subject of recrimination, they said:

In the application of the doctrine of "recrimination," and upon which the court based the judgment of refusal to grant

relief in this case, we respectfully submit that there was error both upon the law and the facts.

Under our statute, (Paschal's Dig., art. 3460,) in a suit for a divorce for the cause of adultery, if it appears that the complainant has been guilty of the like crime, or has condoned the offense, or if it appears to the court that the adultery complained of is occasioned by collusion of the parties, and done with the intention to procure a divorce, or where both parties shall be guilty of adultery, then no divorce shall be decreed.

It would seem from this that the Legislature intended to restrict the recriminatory bar to the one statutory cause for divorce, to wit, " adultery," and that the bar does not extend to and include " cruelty," whatever may be the rule at common law or under the statutes of the various States; and the maxim, *expressio unius est exclusio alterius*, " was never more applicable than when applied to the interpretation of a statute." (Broom's Legal Maxims, 489.) It seems that the sages of the law have ever been guided by this rule of construction, and on page 490, Mr. Broom gives some very forcible illustrations of the doctrine. Hence we conclude that in enacting the general divorce statute of Texas, the Legislature never intended, nor does the language used in the " act " justify, the construction that " recrimination " of cruelty on the part of the complainant would bar a recovery on a charge of cruelty on the part of the defendant, and especially where it is clear, as in this case, that there is no collusion. Besides, we conceive that this doctrine of " recrimination " has more direct application, and applies with more force where the recriminatory charges are set up—not by way of a cross-bill, (by which the defendant becomes plaintiff, so far as the cross-bill is concerned,) and upon which a divorce is prayed for, but for the sole purpose of interposing a bar to the complainant's recovery, and to the rendition of any decree in the case dissolving the bonds of matrimony.

In the French and the Scotch law, the doctrine of " re-

crimination" is unknown—at least the Scotch courts refuse to recognize it—except as a foundation for a cross-suit. (2 Bishop, sec. 79.) Mr. Bishop (sec. 76) says, that recrimination "was a cardinal doctrine in the Mosaic law of marriage and divorce. It was transplanted from the Roman and canon into the common law, and it has found in the latter a congenial soil;" and says Lord Stowell, "it would be hard if a man could complain of a breach of a contract which he has violated;" but on examination, these statements have more especial application to cases of adultery, for such parties are suitable and fit companions for each other.

According to the common law, divorces *a mensa et thoro* only were granted, and hence the English authorities are in many particulars imperfect guides for us, where our courts, under the law, grant divorces *a vinculo matrimonii.* And even under the English divorce "act" it has not been decided that adultery would not bar a prosecution for cruelty; but on the other hand it is established, that adultery would bar a prosecution for cruelty—showing that both by the common law and by our statute, adultery being the more grievous offense, a different rule obtains, and that that offense at common law could be set up in bar of any other, (2 Bishop, sec. 80;) and in the same section the learned author says: "And, to return to the English law, a late writer says, 'it may seriously be doubted whether a recrimination of cruelty is a good plea in answer to a suit charging the same offense.'"

In Texas, divorces are granted for "adultery" and also for "cruelty." The consequence is, that the doctrine of the English ecclesiastical courts, as to recrimination are not necessarily law with us. Our statute, (Paschal's Dig., ал.. ⁻ '60,) on the subject of recrimination, seems to re-enact and follow the English divorce act, where the charge is adultery, but no further. (2 Bishop on Mar. and Div., sec. 81.)

In Louisiana, the code provides for a divorce from bed and board for excesses, cruel treatment, and outrages of such a nature as to render the living together of the parties insup-

portable; and, in construing that statute, it is held that a series of studied vexations and provocations, without resorting to personal violence, might constitute that degree of cruel treatment which would form a just ground for a separation from bed and board; and, under our statute, such cruelty is a ground for a divorce from the bond of matrimony, and has received the same construction by our Supreme Court. (2 Bishop, sec. 724; Tourne v. Tourne, 9 La., 452–456; Schreck v. Shreck, 32 Tex., 578; Sheffield v. Sheffield, 3 Tex., 79; Byrne v. Byrne, 3 Tex., 336–340; Wright v. Wright, 6 Tex., 3; Nogees v. Nogees, 7 Tex., 538.)

*Wright & McDonald* and *E. L. & H. H. Dahoney*, for Jane J. Hale, also insisted on a reversal of the judgment on the facts of the case.

MOORE, ASSOCIATE JUSTICE.—The parties to this action mutually seek to obtain a divorce, upon the ground of excesses, cruel treatment, and outrages of such a nature as to render their living together unsupportable, charged by them, respectively, in the petition and cross-bill. Neither of them desiring a jury, the case was tried by the judge, who, after considering the law and facts upon which they respectively relied, rendered judgment, refusing to grant a divorce to either of them, upon the case made under the petition of the plaintiff, or on the cross-bill filed by the defendant. From this judgment both parties prosecuted an appeal; and each of them have, in effect, assigned for error—

1st. The action of the court in sustaining the exceptions of the one to the pleadings of the other.

2d. In ruling, that, owing to their mutual recrimination, neither of them is entitled to a divorce.

3d. The refusal to grant a decree in favor of either party, on the law and facts as submitted on the final hearing.

An additional assignment is also made by appellant, that the court erred in excluding the evidence of admissions made

by defendant before and after the separation, and made, at the time, to their mutual friends, while trying to effect a settlement between them. In regard to this last assignment, however, it will suffice to say, that we find in the record no ruling of the court to which it can apply. If there was any evidence, of the character referred to, excluded by the court, no exception to its action seems to have been taken, or if so, the evidence of it has not been preserved and brought up with the record, so that we can take notice of or act upon it.

The recital of the excesses, cruelties, and outrages, with which the parties mutually charge each other in the petition and cross-bill, and their respective amendment, fills nearly if not quite one hundred pages of the record, and it has taken two hundred and fifty or more pages to exhibit to us the evidence adduced upon the trial in support of the charges made by them, respectively, in their pleading.

We have endeavored to give such patient and careful examination to the questions suggested for our determination as this voluminous record has required, and such as the painful sympathy which such criminations and recriminations between husband and wife, as is here exhibited, will always arouse, and a proper regard for social order and the general good of society imperatively demands. Yet, while this examination has painfully impressed us with a thorough conviction of the existence of a condition of domestic infelicity, into which the parties to this action have fallen, through their mutual irascible and ungovernable tempers, which forebodes a most unhappy future for themselves and their children, still, we cannot say there is any error in the court below, for which the judgment should be reversed, without a departure from the settled rules of practice and decision governing this court; nor can we grant a decree of divorce to either of these parties, in the attitude in which the record comes before us, unless we were at liberty to permit our sympathy for the unhappy condition in which, through their imperfections of temper, they have in all probability

suffered their present and future domestic peace and happiness to be completely ingulfed, to control our judgment, instead of taking the plain provisions of the statute and the well-established course of decisions of the court as our guide.

The record not only fails to exhibit any basis whatever to support the first assignment of error, but, on the contrary, it clearly shows that it is entirely without foundation. There was no exception or demurrer by the defendant to the petition, as finally amended, or by the plaintiff to the cross-bill, as also amended by defendant; but the case went to the court, and was tried upon the pleadings as presented by the parties. True, at an earlier state of the case, demurrers were sustained to the pleadings of each party; but they were mutually permitted to amend. None of their averments were stricken out by the ruling of the court; and as the trial was had on the averments, in the original as well as amended pleadings, if the facts proved were not such as to require a decree, certainly no injury can have resulted from the action of the court on the demurrer, even if its ruling upon them should have been different. Nor can we say that the court erred in its conclusion upon the testimony. It is a familiar and well-established rule, that where a jury is waived, the same presumptions are to be indulged in favor of the correctness of the judgment of the court upon the facts as is applied in support of the verdict of the jury.

If it should be granted that the evidence in the record would have justified a different conclusion from that at which the court arrived, and even if we could say that a different conclusion would have been more satisfactory to our minds, it would be of no moment; for it certainly cannot be denied that there is not wanting in the record evidence of a contrary tendency, amply sufficient to support the judgment. As this is the case, the judgment cannot be disturbed, unless we would overturn the settled rule of decisions of the court from its very beginning to the present time, for the sake of reaching a desired conclusion in a special case. Nor can we say, from

our examination of the record, that the common-law doctrine, as to the effect of recrimination in suits for divorce, had anything whatever to do with the judgment of the court in this case. When a party asks of this court a reversal of a judgment of the District Court, he should be able to put his finger upon the very error of which he complains. It is not sufficient, if it merely appears that possibly the court may have fallen into error. But if the court was influenced by the considerations attributed to it by counsel, and could, as was said in the argument of the case in this court, have granted a divorce to either of these parties on the evidence adduced by them respectively, but for the recriminatory facts which they mutually proved, we are by no means prepared to say that, in so holding, an error was committed, for which the judgment should be reversed. We are not, however, to be understood by this remark as intimating that in no case, and under no state of circumstances, should a divorce be granted, if the plaintiff is also guilty of an act of any character for which the defendant might claim a divorce. There are, unquestionably, well-established limitations in regard to this character of defense in such actions, to which, however, it is unnecessary for us to specially advert at present. The general doctrine, that recrimination is a valid defense, though the divorce is sought upon other grounds than adultery, may, nevertheless, be said, on the very highest authority, to "rest in the clearest reason and in exact justice." (2 Bish. on Mar. and Div., sec. 74.) Unquestionably is this so, when the recriminatory fact is of the like character as the act of the defendant, for which the divorce is sought; and more especially must it be so, when the act or conduct upon which the plaintiff's action is founded, is induced or occasioned by the act or conduct of the plaintiff, and was in retaliation of it, unless the matter complained of was so grossly in excess of the provocation, that it ordinarily cannot be said to have been occasioned by it; for "some allowance should be made for human frailty, and it would be unreasonable to require the matri-

monial conduct of the plaintiff to be quite without blemish, as a condition upon which alone he could be permitted to carry on his suit for the defendant's greater wrong." But it is not sufficient that the plaintiff should be merely less in fault than the defendant. He has no cause to complain or right to be relieved from the obligation of a contract which he has violated in a like manner as the defendant; and where the difference between himself and the defendant is merely a slight difference in their degree of guilt, the court will not interfere. In such cases the parties are "suitable and proper companions for each other," (Wood v. Wood, 2 Paige, 108,) and "may live together, and find sources of mutual forgiveness in the humiliation of mutual guilt." (Beeby v. Beeby, 1 Hag. Ex., 789; 2 Bish. on Mar. and Div., ch. 5.)

There is no error in the judgment, and it is therefore affirmed.

AFFIRMED.