STAPLES v. STAPLES.

(Court of Civil Appeals of Texas. March 25, 1911. Rehearing Denied April 15, 1911.)

1. DIVORCE (§ 54*)—DEFENSES—RECRIMINATION.

Recrimination as a defense to accusations relied on as ground for divorce must arise out of the fact that the acts or conduct upon which plaintiff relies were induced by or in retaliation of plaintiff's conduct, and hence misconduct of plaintiff defeating her right to divorce must be of the same general character, and such as reasonably calculated to provoke defendant's misconduct.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 190–196; Dec. Dig. § 54.*]

2. DIVORCE (§ 148*)—INSTRUCTIONS—RECRIMINATION.

In a divorce suit by a wife, it was error to refuse to instruct that she was not required to be perfect, and that, if defendant was guilty of cruelty entitling her to a divorce, the jury should find for her unless she committed acts of like character without excuse or justification.

[Ed. Note.—For other cases, see Divorce, Dec. Dig. § 148.*]

3. DIVORCE (§ 55*)—RECRIMINATION.

If recrimination on the part of an injured spouse is insignificant as compared with great provocation on the part of the other, a divorce may be granted.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. § 197; Dec. Dig. § 55.*]

4. DIVORCE (§ 148*)—INSTRUCTIONS.

Where the evidence in a divorce suit was insufficient to show that defendant made certain slanderous charges against plaintiff, an instruction that the defense of recrimination did not apply to such charges was properly refused.

[Ed. Note.—For other cases, see Divorce, Dec. Dig. § 148.*]

Appeal from District Court, Collin County; J. M. Pearson, Judge.

Action by Olivia A. Staples against T. O. Staples. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

Garnett & Hughston, Smith & Wilcox, Thompson & Word, and Muse & Allen, for appellant. Abernathy & Abernathy, for appellee.

TALBOT, J. This was an action for divorce and partition brought by the appellant against the appellee. The suit was filed in the district court of Collin county on the 7th day of January, 1908. The plaintiff prayed for judgment dissolving the bonds of matrimony between her and the defendant, for the custody of her two minor children, for injunction, for the appointment of a receiver, and for the partition of their community property.

The principal grounds alleged for divorce, were substantially as follows: A systematic and continuous course of ill treatment, insults, and neglect, showing a total want of love for the appellant, or interest in her welfare or health; unlawful assaults made upon appellant by the appellee; falsely imputing to appellant a want of chastity; falsely charging the appellant with the crime of arson, in that she willfully burned the residence of appellant and appellee in the town of Wylie, Collin county, Tex.; preferring of false and slanderous charges by the appellee against his wife before the order known as the Eastern Star for the purpose of wounding, humiliating, and disgracing her, and preventing her from obtaining an honorable demit from said lodge. The defendant answered by general and special demurrers and pleas of recrimination and condonation in bar of plaintiff's suit. A trial before a jury had at the September, 1909, term of the court resulted in a verdict and judgment in favor of the defendant, and the plaintiff appealed.

[1] In the fourth paragraph of the court's charge, the jury was instructed that, "if the cruelty set up by the plaintiff was provoked by the misconduct of the plaintiff, the law will not permit the divorce to be granted, unless the cruelty complained of, and provoked by the plaintiff, is excessive and out of proportion to the provocation." In the seventh paragraph they were told that if they believed the defendant on one or more occasions charged that the plaintiff burned the home of plaintiff and defendant, and was guilty of the crime of arson in so doing, and that said charge was false, and the defendant was thereby guilty of cruelty which rendered the living of plaintiff with defendant any longer insupportable, to return a verdict in favor of the plaintiff. In the tenth paragraph of the charge they were instructed, among other things, in effect, that if they believed the defendant charged plaintiff with the crime of arson, and that such charge was true, or if they should find and believe that the defendant was provoked to make such charge by the "willful and unjustifiable misconduct of plaintiff," to find for the defendant, unless the charge so made, if made, was grossly excessive and out of proportion to the provocation, etc. The fourth and tenth paragraphs of the charge above referred to are assigned as error, among other things, for the reason that said charges, in effect, informed the jury that any kind or

character of misconduct of the plaintiff would prevent her from obtaining a divorce on the ground of the false accusation of the crime of arson made by the defendant against her, unless the cruelty of the defendant was out of proportion to such misconduct. We think the assignments complaining of these paragraphs of the court's charge should be sustained. It is a well-established rule that recrimination, as a valid defense, must arise out of the fact that the acts or conduct for which the plaintiff seeks a divorce were induced by or in retaliation of plaintiff's conduct. Trigg v. Trigg, 18 S. W. 313. The doctrine rests on the established principle "that a person ought not ordinarily to recover for the wrongful act of another of which he is also guilty. But this does not mean that in cases of this character the plaintiff must be faultless in deportment." As said by Mr. Bishop in his work on Marriage and Divorce (4th Ed.) § 88: "Some allowance should be made for human frailty; and it would be unreasonable to require the matrimonial conduct of the plaintiff to be quite without blemish, as the condition on which alone he could be permitted to carry on his suit for the defendant's greater wrong." Hale v. Hale, 47 Tex. 342, 26 Am. Rep. 294; Trigg v. Trigg, supra. It is also well settled by the decisions of this state that the misconduct of the plaintiff in order to defeat the right to a divorce, while it need not be of equal degree with that of the defendant, must be of the same general character, and such as is reasonably calculated to have provoked the misconduct of the defendant. Bohan v. Bohan (Civ. App.) 56 S. W. 959; Hale v. Hale, supra; Trigg v. Trigg, supra. Defendant pleaded in recrimination that his wife was a very extravagant woman, spent large sums of money in clothing and taking extended trips, neglecting her home, and leaving him to do the cooking, attending to the children, washing, and looking after his practice and business; that plaintiff made an assault upon their elder son Hereford with a sausage mill and knocked him down; that plaintiff pointed a pistol at Hereford, and threatened to blow his brains out; that plaintiff committed various assaults upon defendant with a heavy piece of iron, a long hand saw, strong hat pins, and once struck him on the left side of the head, breaking one of the bones, and seriously injuring him; that plaintiff at various times, and in the presence of various persons, charged defendant with infidelity and violation of marriage vows. These were the only acts of misconduct on the part of the plaintiff pleaded, and neither is similar in character to the allegation made by the plaintiff that the defendant had charged her with burning their residence. The charges complained of authorized and left the jury to conclude that any misconduct on the part of the plaintiff, or at least any willful and unjustifiable misconduct on her part, shown by the evidence, though different in degree, and of an entirely dissimilar character, would be, in law, a sufficient provocation for the alleged charge that the defendant had accused her of the crime of arson, and sufficient to preclude her from obtaining a divorce. [2] In this connection the plaintiff asked the following special charge, namely: "Under defendant's defense of recrimination, you are charged that, in order for this to constitute a defense, the jury must believe and find from the evidence that the plaintiff has committed the acts complained of against her without provocation or excuse, and, further, that said acts or misconduct proved to have been committed by the plaintiff are of such a nature as to afford the defendant a lawful ground for divorce, and are of a similar nature and character to the acts of defendant. In this connection you are charged that the law does not expect or require the plaintiff to be perfect, and, if you find and believe from the evidence that the defendant has been guilty of such cruel treatment as will entitle her to divorce, then you will find for the plaintiff unless you find that without excuse or justification she has committed acts of like character and such as will entitle defendant to divorce." This charge was a correct application of the law to the facts and should have been given.

Again, [3] if the recrimination on the part of the injured spouse is insignificant compared with the great provocation on the part of the other, a divorce may be granted (Beck v. Beck, 63 Tex. 34), and it probably would not be incorrect to say that, with possibly the exception of the allegation that plaintiff charged the defendant with infidelity, the acts of misconduct charged against the plaintiff are insignificant compared with the very grave charge alleged by the plaintiff that the defendant had accused her of the crime of arson, and of which there was positive testimony, contradicted alone by the defendant. Furthermore, we have been unable to find in the record before us any testimony tending to show that plaintiff provoked the defendant to charge her with the crime of arson by any charge of a similar nature whatsoever against him, and it would seem that, in the absence of such evidence, the doctrine of recrimination would have no application to this ground upon which plaintiff seeks a divorce. In the case of Trigg v. Trigg, supra, it is said: "The facts in this case do not make it one to which the doctrine of recrimination properly applies. There were no acts of a like character with those for which the divorce was sought shown to have been committed by plaintiff. The fact that her conduct may not have been blameless is not sufficient to preclude her from a recovery."

[4] The plaintiff requested the trial court to instruct the jury that the defendant had

not pleaded recrimination as a defense to the charges made against him by plaintiff in her petition to the effect, that the defendant made false and slanderous charges in the Eastern Star against plaintiff; that defendant falsely charged plaintiff with adultery and falsely charged her with the crime of arson; therefore the defense of recrimination did not apply against these charges. This charge was refused, and its refusal is assigned as error. We think the defense of recrimination did not apply to any ground upon which the divorce was sought except in so far as similar acts of misconduct on the part of the plaintiff were alleged. But we are inclined to the opinion that the evidence was insufficient to sustain either the charge that defendant had made false and slanderous charges in the Eastern Star against plaintiff, or the charge that defendant had accused her of adultery. Therefore there was no error in refusing the special instruction, so far as these charges are concerned. As applicable to the charge in plaintiff's petition that defendant had accused her of the crime of arson, we think the special charge should have been given, and that its refusal was error.

There are assignments complaining of paragraphs of the court's charge not discussed and of the court's refusal to give certain special charges, but we deem it unnecessary to discuss them. Except in so far as the same conflict with the views expressed in this opinion, neither of said assignments disclose reversible error.

For the errors indicated the judgment of the district court is reversed, and the cause remanded for a new trial.