WILHELMINE BECK v. CARL BECK.

(Case No. 1936.)

1. DIVORCE — ILL-TREATMENT — RECRIMINATION.— In a suit for divorce, brought by the wife, on the ground of cruel treatment, where the evidence showed that both she and her husband had frequent altercations, and that, at least on one occasion, she gained the ascendency and beat him and bruised him severely, in such case there is such recrimination on her part as would prevent her obtaining a divorce.

2. SAME — CASES APPROVED.— If, however, the recrimination on the part of the injured spouse is insignificant compared with the great provocation on the part of the other, a divorce may be granted. Citing with approval, Jones v. Jones, 60 Tex., 451; Hale v. Hale, 47 Tex., 336.

APPEAL from Victoria. Tried below before the Hon. H. Clay Pleasants.

Wilhelmine Beck instituted this suit in May, 1883, and prayed a divorce be granted her on the ground of cruel treatment and other excesses on the part of her husband, Carl Beck. The latter an-

swered, setting up that she had not conducted herself with propriety and treated him with kindness and forbearance, and that she had on her part ill-treated him, and therefore he prayed for a divorce.

The evidence showed a series of quarrels and altercations between the two, from September, 1877, to April, 1883, when they ceased to live together, and that on one occasion, at least, the wife had knocked the husband down and bruised and beaten him severely. It was also shown that the husband had not treated the wife in a becoming manner. Under the facts the court refused to grant a divorce.

*Stayton & Kleberg*, for appellant.

No briefs on file for appellee.

WILLIE, CHIEF JUSTICE.— This is a suit for divorce brought by the appellant against the appellee, on the alleged ground of cruel treatment of such a character as to render their living together insupportable. The only evidence offered was on the part of the plaintiff and showed that the parties lived together very unhappily; that the husband sometimes used very insulting language towards his wife; and that they had frequent altercations, in some of which blows were exchanged between the parties. The principal witnesses were the children of the plaintiff by a former husband, and, to say the least, were not prejudiced against their mother in favor of their step-father. From their evidence it appears that whilst the husband was almost uniformly the first to commence their quarrels, the wife freely participated in them; and whilst he had made the first attack on one or two occasions, on another she seems to have obtained the ascendency, and from superior strength, or from securing the advantage of giving the first blow, had prostrated him upon the floor and choked and beat him to such a degree as to produce bruises upon his person. To put the case most favorably for the plaintiff, she was guilty, at least, of such conduct as would prevent her from obtaining a divorce. Divorces are not granted for the mere reason that parties cannot live together without quarreling and fighting. The cruelty must not approach to mutuality, nor be exercised sometimes by the one and sometimes by the other, though differing somewhat in degree. If the recrimination on the part of the injured spouse is insignificant compared with the great provocation on the part of the other, a divorce may be granted. Jones v. Jones, 60 Tex., 451; Hale v. Hale, 47 Tex., 336.

The case last above cited is greatly in point to the present, and to the remarks of Judge Moore in delivering the opinion we refer as appropriate to the present case as it appears upon the record. We see no error in the judgment and it is affirmed.

AFFIRMED.

[Opinion delivered January 16, 1885.]

STAYTON, J., not sitting.