### SCOTT v. FORT WORTH NAT. BANK.

#### No. 14510.

Court of Civil Appeals of Texas.
Fort Worth.
April 2, 1943.

Cantey, Hanger, McMahon, McKnight & Johnson, of Fort Worth, for appellant.

Bryan, Stone, Wade & Agerton and B. G. Mansell, all of Fort Worth, for appellee.

McDONALD, Chief Justice.

On December 18, 1929, appellant Winfield Scott and his wife Charlotte Morgan Scott were divorced by judgment entered in the 67th District Court of Tarrant County. At the time of the divorce a written contract was signed by the wife, and by the attorneys representing the husband, which provided for payments of $50 per week from the latter to the Fort Worth National Bank, as trustee for Winifred Scott, the child of the parties. The details of the transaction are described in the opinion of this court in Scott v. Fort Worth National Bank, 125 S.W.2d 356, writ of error dismissed, and need not be repeated here.

Scott brought the present suit in an effort to escape liability for further payments to said trustee. Failing to obtain any relief in the trial court, Scott has appealed. The essence of his contentions, as reflected by his points of error and his arguments thereunder, are as follows: First, that even if the district court had jurisdiction to order appellant to pay the sums provided for in said contract, it is the duty of the court to modify the judgment or the contract as to future support where the necessities of the child do not require it and the conditions have changed to such extent that it would be unjust to require further compliance therewith. Second, that prior to the enactment of Article 4639a, Vern.Ann.Civ.St., which was not in effect at the time of the divorce judgment, the district court had neither power nor jurisdiction to enter a judgment requiring future payments for the support of the child. Third, that appellant's atttorneys had no implied power or authority to sign the contract for him, and that the fact of his making such payments for a time cannot operate as an estoppel, and that it was encumbent upon appellee to allege and prove the authority of the appellant's attorneys to bind him by such agreement. Fourth, that in view of appellant's verified plea of non est factum,

and in view of appellee's failure to offer any evidence contrary to such plea, it was the duty of the trial court to enter judgment for appellant.

Most, if not all, of appellant's contentions were made in the former suit, the appeal of which is reported in 125 S.W.2d 356. It is shown by proper evidence in the present suit that appellant presented such contentions in an application for writ of error to the Supreme Court, and that his application was dismissed. We are of opinion, therefore, that our holding therein is sufficient authority for affirming the judgment in the present suit. However, for the reasons which we shall state, we would affirm the judgment rendered in the present suit even if the former appeal had not taken place.

Appellant relies upon such cases as Gulley v. Gulley, 111 Tex. 233, 231 S.W. 97, 15 A.L.R. 564, in support of his contention that the district court has jurisdiction to modify the judgment, or the contract, providing for the support of the child. Granted arguendo that such contention is sound, we are faced with the fact that in the present suit the trial court did not see fit to modify the judgment, or the contract. The trial was before the court without a jury. No findings of fact were requested or filed. We must therefore affirm the judgment if it has any support in the evidence. Such findings of fact may be implied in support thereof as may be reasonably inferred from the evidence which is favorable to the judgment rendered. The evidence shows that after the divorce and after the execution of the trust agreement herein involved, the child's grandmother died, leaving an estate of the estimated value of $600,000 to trustees, with the provision that one-half of the income therefrom was charged with support and education of the child, and that the trustees were amply providing for her education and support out of such income. Appellant failed to offer direct evidence as to his financial condition or his income, but in one of the petitions which he filed in a former phase of this extended litigation, and which was in evidence herein, he alleged that his financial worth was not less than $1,000,000, and it is further in evidence that he owned a large estate when the original divorce decree was rendered, and that he conveyed the same to his mother in trust for his own benefit, and that his mother re-conveyed the same to him before her death. Granted that the trial court had jurisdiction to modify a judgment, or a contract, providing for payments of $50 per week into a trust fund of which appellant's child was the beneficiary, we cannot say that in such a situation as that presented by the evidence the trial court committed an abuse of discretion in denying the appellant a modification of the judgment or of the contract. If appellant's contention is predicated upon the theory of the continuing authority of the district court to modify such judgments, we are faced with the rule which grants to the trial court a wide discretion and which provides that upon appeal the judgment of the trial court will be disturbed only if it be shown that he has committed an abuse of his judicial discretion. If the contention be based upon the theory that one who has set up a trust fund may apply to a court of equity for relief upon a showing of changed conditions, then we are faced with the implied findings of the trial court that the conditions in the present suit are not such as to warrant the interposition of a court of equity.

Upon the question of authority of appellant's attorneys to bind him by the contract which they signed at the time of the divorce, the evidence is sufficient to support an inference either that his attorneys were authorized to sign the agreement, or that appellant thereafter ratified the agreement. Reference is made to our former opinion for a history of the events following the entry of the divorce decree and the making of the trust agreement. Three circumstances may be mentioned, and it cannot be denied that the authority of the attorneys as well as the ratification may be established by circumstantial as well as by direct evidence. Appellant made many payments under the trust agreement. In 1932 he filed a pleading in the district court seeking permission to execute promissory notes to the trustee in lieu of making the cash payments, and referred to the agreement, without questioning its validity. In 1936 appellant personally signed and verified a petition seeking change of the custody of the child. Attached to his petition is a copy of the divorce judgment and of the trust agreement. An agreement settling that litigation was executed by the parties, and signed personally by appellant. That agreement contains a clause reading as follows: "That the judgment and order herein to be entered does not in any wise modify the judgment of December 18, 1929, except as

above specified as to the care and custody of such child and as to the amount decreed to be paid to Charlotte Morgan Scott for its maintenance." The trust fund agreement was not modified. The proof was entirely sufficient to meet the plea of non est factum.

The judgment of the trial court is affirmed.