## MARR v. MARR.

### No. 6182.

Court of Civil Appeals of Texas. Texarkana.
Oct. 25, 1945.

W. Clyde Hull, of Pittsburg, and Sidney E. Dawson and W. L. Wray, both of Dallas, for appellant.

Florence, Florence & Meredith, of Gilmer, for appellee.

HALL, Chief Justice.

This is a suit for divorce and for custody of a minor child, instituted by appellant against appellee on the ground of cruel treatment. Appellee answered with general denial and by cross-action alleged cruel treatment against appellant and prayed for a divorce and custody of their minor son.

The cause was tried to a jury upon special issues. In answer to special issues one and two the jury found that Mrs. Marr had been guilty of excesses, cruel treatment and outrages toward the appellant, W. W. Marr, and that such conduct on her part rendered their future living together altogether insupportable. In answer to special issues three and four the jury made similar findings in favor of appellee against W. W. Marr, appellant. In answer to issue "C" the jury found that it would not be to the best interest of the minor to award his custody to appellee, Mrs. Marr.

Appellant filed a motion praying that no judgment be entered in the case for the reason that the jury had found each to be guilty of cruel treatment toward the other rendering their future living together insupportable. This motion was overruled. Appellee moved for judgment and prayed that the court disregard the jury's answers to special issues one, two and "C" because there is no evidence in the record supporting them. This motion was granted and judgment was entered granting appellee a divorce from appellant and awarding to her the custody, in the main, of their minor son. This action by the trial court forms the basis of this appeal.

■ It is appellant's contention that the finding by the jury that each party to the suit was guilty of cruel treatment toward the other makes applicable the doctrine of recrimination, barring both parties from a divorce. This rule of law is applied in most jurisdictions. In Texas, Arkansas, Pennsylvania, and Washington, however, the rule is relaxed to the extent that comparative rectitude is recognized. In Beck v. Beck, 63 Tex. 34, it is stated: "The cruelty must not approach mutuality, nor be exercised sometimes by the one, and sometimes by the other, though differing somewhat in degree. *If the recrimination on the part of the injured spouse is insignificant compared with the great provocation*

*on the part of the other, the divorce may be granted"*, citing Jones v. Jones, 60 Tex. 451; Hale v. Hale, 47 Tex. 336, 26 Am.Rep. 294; Staples v. Staples, Tex.Civ.App., 136 S.W. 120. (Italics ours.) In the case of Flagg v. Flagg, 192 Wash. 679, 74 P.2d 189, 191, by the Supreme Court of Washington, it is stated: "It must be conceded, from the standpoint of fact, that appellant did not make out a very strong case of cruelty on the part of respondent. While we are not prepared to say that the court's finding in that respect is not supported by the evidence, we can, and do, say that appellant, like respondent, is not wholly without fault. The situation, according to the evidence as a whole, is one where both parties are mutually responsible for a condition which has resulted in an estrangement and made it impossible for them longer to live together as husband and wife. We are of the opinion that both parties have been guilty of cruelty within the meaning of the statute, Rem.Rev.Stat. 982, and that both, therefore, are entitled to a divorce."

In Dearth v. Dearth, 141 Pa.Super. 344, 15 A.2d 37, 41, by the Supreme Court of Pennsylvania, it is stated: "We quote from the opinion by Judge Orlady in the case of Breene v. Breene, 76 Pa.Super. 568, 573, which correctly sets forth the principles to guide us in the disposition of this and similar cases: 'Assuming that each party has offended against the established proprieties that are expected in the marital relation,— even under such unfortunate conditions there must be some point, beyond which human indulgence cannot be expected to submit, and resort to the courts may rightly be had to sever a relation no longer endurable, and which makes a further living together intolerable and life burdensome. To hold that there can be no legal relief from such a deplorable condition would likely result in such physical violence as would jeopardize the life of one of the parties. We are not called upon to balance such an account of mutual delinquencies, but only to determine which party is the least open to the charge causing the situation.' " See, also, Longinotti v. Longinotti, 169 Ark. 1001, 277 S.W. 41; 27 C.J.S., Divorce, § 67, page 623.

■ We have carefully examined the record in this case and have reached the conclusion that the acts and conduct of appellee, the wife, toward the appellant, the husband, are insignificant when compared

514

to his conduct toward her, and though guilty of recrimination to some degree, her acts are not sufficient to bar a judgment in her favor. Therefore, in our opinion the trial court was justified in rendering judgment for appellee, based upon a jury verdict favorable to her.

Appellant cites the case of Hansen v. Hansen, 96 S.W.2d 548, 550, as his authority for his contention that the trial court was without authority to grant appellee a divorce since the jury had convicted her of cruel treatment toward appellant. In that case the trial court directed the jury to return a verdict for divorce and entered judgment accordingly; such action was held error, the court stating: "In that we conclude the court erred, as a matter of law. For, while the evidence in divorce cases must be full and satisfactory to the trial judge, who may disregard affirmative jury findings upon the issue of good cause, and may direct a verdict denying divorce, his authority is limited to those actions, so that he may not direct a verdict in favor of divorce. His authority over verdicts in divorce cases is said to be not affirmative, but restrictive, or negative, so that he may not ignore a jury finding for the purpose of awarding a decree; and, as a correlative, he may not direct a verdict in favor of divorce."

We have no such situation here, the jury in the case at bar found both parties guilty of cruel treatment toward the other, rendering their future living together insupportable, under a record showing clearly and conclusively that the parties were not equally at fault and whatever the recrimination chargeable to appellee, was small when compared to the provocation on the part of the appellant. Concisely stated, the trial court granted a divorce not contrary to a jury finding but to the party whose cause was established by the overwhelming proof in response to jury findings that both parties were entitled to a divorce.

The conclusion reached above is applicable with greater force to the action of the trial court in disregarding the jury's answer to special issue "C", finding that it would not be to the best interest of the minor to award his custody to appellee, his mother. Under the terms of R.S. Art. 4639, the determination of the proper custody of minors is a matter for the court to decide and not for the jury. Kesler v. McGuire, Tex.Civ.App., 109 S.W.2d 1115; Kentz v. Kentz, Tex.Civ.App., 209 S.W.

200; Northcutt v. Northcutt, Tex.Civ.App., 287 S.W. 515; Wilton v. Spencer, Tex.Civ. App., 140 S.W.2d 306; also Tex.Law Review, Vol. 16, p. 581. When the issue of the proper custody of a minor is submitted to the jury, its findings are not binding upon the trial court but are regarded merely as advisory. Lawler v. Lawler, Tex.Civ. App., 15 S.W.2d 684. The question is one primarily for the judge to decide under the facts, awarding the custody of the minor to the person where his best interest would be subserved.

In this case the trial court very properly disregarded the findings of the jury by awarding the minor son to the appellee, with right of appellant, the father, to have custody of said minor at specified times.

We have examined all other points advanced by appellant, they are without merit, and are respectfully overruled.

Judgment of the trial court is affirmed