## McFADDEN v. McFADDEN.
### No. 5844.

Court of Civil Appeals of Texas. Amarillo.
May 31, 1948.

Rehearing Denied July 5, 1948.

Louis Wilson, of Dallas, for appellant.

Esir Tobolowsky, E. D. Hurt, and P. P. Ballowe, all of Dallas, for appellee.

STOKES, Justice.

This suit was instituted by the appellee, Lucille Garrison McFadden, against her husband, the appellant, John E. McFadden, for divorce, the establishment of her property rights and for attorneys' fees. The grounds upon which she sought a divorce were cruel treatment and outrages which she alleged appellant had committed against her and she sought redress under the provisions of subdivision (1) of Article 4629, Vernon's Revised Civil Statutes. Appellant answered by general and special denials of the allegations charging him with cruelty and pleaded a cross action in which he alleged various acts of cruelty against appellee and prayed that he be granted a divorce from her.

There were numerous allegations of both parties in reference to their respective rights and interests in real and personal property but since no question is raised as to the pleadings of either party, the pleadings will not be further discussed.

The case was submitted to a jury upon special issues. In answer to special issue number one, the jury found that appellant had been guilty of excesses, cruelty and outrages toward appellee of such a nature as to render their further living together insupportable. The jury was instructed to answer special issue number two only in the event it answered special issue number one in the negative, but it answered special issue number two anyway and found that appellee likewise was guilty of excesses, cruel treatment or outrages toward appellant of such a nature as to render their further living together insupportable. The record shows that both parties owned real and personal property before their marriage and, in answer to special issue number four, the jury found that the rents and revenues from appellee's separate property were, after their marriage, transferred to her by appellant as a gift. After their mar-

riage, three tracts of land located in the city of Dallas were purchased and conveyed to the appellee as her separate and individual property, each deed reciting that the consideration was paid out of her separate funds and estate. In answer to special issues concerning these tracts of land the jury found that they were not conveyed to appellee as her separate property with the knowledge, consent and acquiescence of appellant and that they were not purchased with funds from appellee's separate estate.

After the verdict was returned, appellee filed a motion requesting the court to disregard the findings of the jury to the effect that the three tracts of land were not conveyed to appellee as her separate property and were not paid for out of her separate funds upon the ground that such findings were not supported by, but were contrary to, the evidence. She also filed a motion requesting the court to render judgment in her favor upon the findings of jury in other special issues and the undisputed evidence in the case. Appellant urged a motion for judgment in his favor upon the verdict of the jury. Appellee's motions were sustained and judgment rendered granting her a divorce, disregarding the special issues pertaining to the three tracts of land and vesting the title and possession thereof in her. She was also granted a judgment against appellant for certain sums of money which she had loaned to him and an attorney's fee of $1,250. Appellant duly excepted to the judgment, gave notice of appeal and perfected an appeal to the Court of Civil Appeals of the Fifth District at Dallas. The case is before us upon a transfer ordered by the Supreme Court.

Appellant presents the case in this court upon nineteen points of error in which he makes three general contentions to the effect, first, that the court erred in considering the verdict of the jury advisory only and in disregarding the jury's verdict and rendering judgment in favor of the appellee upon its own findings of fact. Secondly, he contends the court erred in rendering judgment against him for attorneys' fees because the jury found that appellee also was guilty of cruel treatment and she

therefore did not have ground or probable cause for filing the suit. Thirdly, he contends the court erred in rendering judgment against him for certain indebtedness in disregard of special issues in which the jury found that the money loaned to him which created the indebtedness was not of funds constituting appellee's separate estate.

In regard to the first contention, appellant seems to be laboring under a misapprehension of the action of the trial court. We find nothing in the record which indicates the court considered the verdict, or any of the special issues, advisory only and disregarded them upon that theory. After the verdict was returned, appellee urged a motion in which she requested the court to disregard ten of the special issues and the motion was sustained as to all of them except special issue number twenty-eight. Of the issues disregarded by the court one was special issue number two in which the jury found that appellee was likewise guilty of cruel treatment toward appellant of such nature as to render their living together insupportable. Although the court instructed the jury to answer special issue number two only in the event it had answered special issue number one to the effect that appellant had not been guilty of cruelty and outrages toward appellee, and although the jury had found appellant was guilty of such cruelty, the jury answered special issue number two in the affirmative, thereby finding both parties guilty of cruelty and sustaining appellant's cause of action against appellee as well as her cause of action against him. We are not in accord with appellant in this contention. The doctrine of recrimination is observed in a number of jurisdictions in this country and, under it, where it is shown in divorce cases that both parties have been guilty of cruel treatment, a divorce will not be granted. It is now well settled however, that in this state, as well as a number of others, the rule is relaxed and that of comparative rectitude is recognized. In such cases the court has the duty of weighing the conduct of the respective parties and is authorized to grant a divorce to the one who is lesser guilty. Marr v. Marr, Tex.Civ.App., 191

S.W.2d 512; Beck v. Beck, 63 Tex. 34; Jones v. Jones, 60 Tex. 451.

Appellant does not contend that he was less guilty of cruelty than was appellee nor does he attempt in his brief to make any comparison of their conduct. The question is largely within the sound discretion of the trial court and especially so when it is presented by findings of the jury, as it was in this case. We conclude therefore that the court properly weighed the conduct of the respective parties and that the conclusion reached was the correct one.

Other special issues and the findings of the jury disregarded by the court were to the effect that the three tracts of real estate that were conveyed to the appellee after their marriage were not conveyed to her as her separate property with the consent and acquiescence of appellant and that they were not purchased with the separate funds of appellee. The statement of facts reveals only one of the three deeds. It recites that the consideration was paid out of the separate funds and estate of the appellee and also that the property was conveyed to appellee as her separate property and for her separate use and benefit. Both parties indicate in their briefs that the other two deeds contained the same recitations. There was no testimony to the contrary and it is evident therefore that the findings of the jury that the properties were not conveyed to appellee as her separate property were in direct contradiction of all of the evidence in the case. In our opinion the further findings that the properties were not so conveyed with the knowledge, consent and acquiescence of appellant have no support in the evidence, but are contrary to the undisputed testimony. While appellant denied that he consented and acquiesced, he testified that he knew about the transactions in which appellee was purchasing the properties. He discussed the purchases with those from whom the tracts were purchased before the transactions were consummated and from his own testimony it is evident that he discussed each transaction with appellee before the purchases were made. He testified that the considerations were paid by the appel-

lee; that he knew about the deeds; that they were delivered to her; they were placed of record; that they were afterwards returned to her; that she collected the rents; and that all this was all right with him. We think, however, that the question of whether or not appellant knew of the transactions and acquiesced in the conveyances being made to appellee is immaterial. Certainly this is true in respect to two of the tracts, because appellee testified without contradiction that the money paid for two of them came from money her parents had given her a number of years before; from the proceeds of life insurance policies paid to her upon the death of her first husband; and from money she received in the settlement of an estate in East Texas. These funds were unquestionably her separate property. She had the legal right to invest them and take in her own name the title to the property purchased with them, and this right was not dependant upon the knowledge, acquiescence or consent of her husband.

We are also of the opinion that appellant's knowledge, acquiescence and consent to her purchase of the remaining tract was not necessary. The undisputed testimony showed that it was paid for by the money collected from rents and revenues of appellee's separate property. In answer to special issue number four, the jury found that the rents, revenues and incomes from her separate property were transferred to her by appellant as a gift during their marriage. The rents and revenues were therefore her separate property in the same sense that the consideration paid for the other two tracts was from her separate funds. It was shown by the testimony that, before the marriage ceremony was performed, but on the same day, they entered into a written contract in which it was agreed that the property owned by each of them at that time would remain their separate property respectively and that all rents and revenues derived therefrom should respectively be the separate property of each of the parties and not constitute community property between them. After the marriage appellee maintained her separate bank account and deposited to her credit all of the rents

and revenues received by her from the property owned by her before her marriage. Appellant not only knew this but he testified that in some instances he collected the rents and revenues belonging to appellee and delivered them to her. All of the testimony showed that appellee maintained a separate account in the bank and that appellant made no objections but rather that he assisted her in doing so. Under the law of this State, the rents and revenues received from separate property during the coverture become the community property of the husband and wife, but it is well settled that, where the interests of third parties are not involved, the husband may give to the wife any or all of his separate property or his interest in that of the community. The prenuptial contract entered into between appellant and appellee in which it was agreed between them that rents and revenues collected from their separate properties should not become community property was void and of no effect because it was in contravention of the community property law, but it is held by our courts that, when property is conveyed to the wife as her separate property and for her separate use and benefit, with the knowledge, acquiescence and consent of the husband, even though it is paid for with community funds, it is evidence of a gift by him to her of any interest he has in such property. The verdict of the jury to the effect that the rents, revenues and income from appellee's separate property were transferred to her by appellant as a gift after their marriage was amply supported by the testimony. Goldberg v. Zellner, Tex.Com.App., 235 S.W. 870; Laufer v. Powell, 30 Tex.Civ.App. 604, 71 S.W. 549; Frame v. Frame, 120 Tex. 61, 36 S.W.2d 152, 73 A.L.R. 1512; Cauble v. Beaver-Electra Refining Co., 115 Tex 1, 274 S.W. 120; Robbins v. Robbins, Tex.Civ.App., 125 S.W.2d 666.

In two of the special issues disregarded by the court the jury found that a number of loans aggregating $853 were advanced to appellant by appellee but that the money did not come out of her separate property. The court disregarded this finding and rendered judgment against appellant and in favor of appellee for the aggregate amount of the loans. The basis

of appellant's complaint is that the loans were made from a bank account in which commingled funds had been deposited. According to the testimony the bank account consisted of commingled funds, but they were rents, revenues and sales of appellee's separate property. We do not find in the testimony any evidence that community fund or funds belonging to appellant constituted any portion of it. The special issue was properly disregarded by the court therefore, because there was no testimony to support it.

■■ In addition to the other items which constituted the money judgment against appellant, the court rendered judgment against him in favor of appellee for an attorney's fee of $1,250. He complains of this portion of the judgment and asserts that it was not warranted for the reason that the jury found appellee was guilty of cruelty. He contends that, because of her guilt in this respect, she could not have had probable cause for a divorce and therefore no necessity existed for the suit or the incurring of the attorney's fee. It is well settled by the authorities that a reasonable attorney's fee is properly chargeable against the husband and the community property in favor of the wife in a divorce suit. An attorney's fee in such circumstances is placed in the same category as other necessities. It is not chargeable against the husband in cases wherein the wife does not have grounds for a divorce nor where the suit for divorce is not instituted in good faith, either by the wife or her attorney. The mere fact that the jury found appellee to be guilty of cruelty would not destroy her grounds for a divorce against him, however, if he were likewise guilty of cruelty toward her. The jury found in this case that appellee instituted the suit in good faith. No complaint is made that the fee was excessive and in our opinion there is no merit in this contention.

■ A large number of original written instruments, some seventy or more as shown by the list of them in the transcript, that were introduced in evidence are not copied in the statement of facts. It is stated in the briefs that they accompany the record in a separate enclosure and the transcript reveals an order of the court permitting them to be sent up in their original form. The order is based upon a stipulation of counsel and not upon the opinion of the court that the original papers or exhibits should be inspected by the appellate court as provided by Rule 379, Texas Rules Civil Procedure. The rule does not dispense with the necessity of including such documents in the statement of facts, especially when they are capable of exact reproduction. The purpose of the rule is to make available to the appellate court such documents as might show evidence of spoilation, erasures or be mutilated, interlined or found to be in such condition as that their correct interpretation is questionable. In such event the rule permits them to be sent up with the record but only when the trial court is of the opinion that, for some reason, the appellate court should scrutinize them in connection with the testimony. It was never intended to allow the practice of substituting for the statement of facts a confusing mass of original documents of various dimensions, detached and unindexed, and thus present to the appellate court a record incapable of proper and convenient examination. To require of the appellate court the examination of such a pile of original documents and form a conclusion as to the facts revealed by their contents would impose a drain upon the court's time and a burden upon its investigation of the record that would be wholly unwarranted and unjustified.

We have carefully examined all of the assignments of error and contentions presented by appellant and, in our opinion, no reversible error is shown by any of them. The judgment of the court below will therefore be affirmed.