**DUNN v. DUNN.**

No. 5926.

Court of Civil Appeals of Texas. Amarillo.

Dec. 13, 1948.

Rehearing Denied Jan. 17, 1949.

Hazelwood & Richards, of Amarillo, for appellant.

S. E. Fish, of Amarillo, for appellee.

STOKES, Justice.

Appellee, Elvoy Dunn, filed this suit for divorce against his wife, the appellant, Katherine Dunn, alleging cruel treatment of such a nature as to render their further living together insupportable. The principal acts of cruelty alleged were that within

a few weeks after they were married, appellant began a course of conduct that clearly indicated she did not have any consideration for plaintiff or for her marriage vows and that she kept company with other men and had continued to do so up to the time the suit was filed. They were married October 19, 1945, and that marriage was the second between the parties. Appellee alleged that, in the early part of 1947, he learned for the first time that during their first marriage appellant carried on love affairs with other men.

Appellant answered by general denial and she alleged a cross action in which she prayed for a divorce from appellee alleging that he was guilty of cruelty toward her which was of such a nature as to render their further living together insupportable. The acts of cruelty alleged by her consisted principally of appellee's voluntary enlistment in the United States Army when it was not required and was not necessary as a patriotic duty and, further, that he frequently associated with other women in violation of his marital vows, and had clandestine dates with them.

Both parties alleged that two children were born of the last marriage, being Troy Linn Dunn, a boy four years of age, and Doloris Ann Dunn, a girl three years of age, and each prayed for a decree giving to them respectively the custody of their two children, appellee alleging that, if their custody were awarded to him, he would, with permission of the court, place them in the home of his parents, Troy Dunn and Irene Dunn, of Amarillo, where they would have a good home, and that they would be glad to have them.

The case was submitted to the court without the intervention of a jury and resulted in a decree that the marriage contract and bonds of matrimony entered into and existing between the parties "be and hereby are dissolved, set aside and for naught holden, and that said parties be and hereby are divorced from each other."

The court found that appellee's parents, Troy Dunn and his wife, and also the appellant, Katherine Dunn, were proper persons to receive and exercise the custody of the two children and that it would be to the best interests of the children that their custody be awarded for a part of each year to their mother and for the remainder of each year to appellee's parents, Troy Dunn and his wife. It was therefore decreed that the custody of the two children be placed in Troy Dunn and his wife for six months of each year and to appellant, Katherine Dunn, mother of the children, for the other six months of each year.

Appellant duly excepted to the judgment, perfected an appeal therefrom and presents the case in this court for review upon a single assignment of error in which she contends that the court erred in dividing the custody of her children and that the judgment should be reversed and rendered in that respect, decreeing to her the full custody with the right of appellee to visit with them at reasonable times and under reasonable circumstances.

From the above statement it will be observed that neither party was granted a divorce. While the decree provides that the parties be and are divorced from each other, its principal provision is that the contract and bonds of matrimony are dissolved, set aside and for naught held. The provision that the parties are divorced from each other is incidental and without special significance. In our opinion such a decree is not warranted by our statute. Article 4629, R.C.S. 1925, Vernon's Ann.Civ.St. art. 4629, provides that a divorce may be decreed where either party is guilty of excesses, cruel treatment or outrages toward the other, if such ill treatment is of such a nature as to render their living together insupportable. It contemplates that the party upon whom the cruel treatment is inflicted shall be entitled to the decree. The decree entered in this case amounts to nothing more than an annulment of the marriage which was not warranted by the pleadings. It is true that each party alleged cruel treatment against the other and the evidence might have supported the allegations of both the appellant and the appellee, but in such cases our courts have held that it is the duty of the court trying the case to weigh the conduct of the respective parties and grant a divorce to the

one who is the lesser guilty. Jones. v. Jones, 60 Tex. 451; Beck v. Beck, 63 Tex. 34; Marr v. Marr, Tex.Civ.App., 191 S. W.2d 512; McFadden v. McFadden, Tex. Civ.App., 213 S.W.2d 71.

While no complaint is made by either party of the decree entered by the court, we feel that the practice of entering such decrees should again be discouraged and disapproved. No grounds were alleged upon which the marriage could have been annulled and the decree wholly fails to dispose of the case in the manner contemplated by the article of the statute above cited.

Appellant's complaint is directed to the portion of the judgment which divides the custody of the children between her and the parents of the appellee. While, under the holdings of some of our courts, a division of the custody of children in such cases is permissible, it should never be done except under special conditions in which there is no reasonable alternative and it is made essential and absolutely necessary. In the leading case of State ex rel. Wood v. Deaton, 93 Tex. 243, 54 S.W. 901, our Supreme Court expressed many sound reasons why the custody of small children should be decreed to their mother, unless good reason exists why it should not be awarded to her. It has many times been held by our courts that, in the absence of some evidence to the contrary, the law presumes the welfare of the child, especially a child of tender years, will be best subserved by committing it to the care and custody of its parent rather than others, however near the relationship might be. Swift v. Swift, Tex.Civ.App., 37 S. W.2d 241; McGarraugh v. McGarraugh, Tex.Civ.App., 177 S.W.2d 296; Cass v. Cass, Tex.Civ.App., 193 S.W.2d 279; Fox v. Fox, Tex.Civ.App., 210 S.W.2d 622, and the many cases cited in those opinions.

The findings included in the judgment disclose no reason why the custody of the children was divided. On the other hand the court found that both appellant and the parents of the appellee were fit and proper persons to have their custody. Moreover, in decreeing the custody to ap-

pellant for six months of each year, the court impliedly found she was not only a fit and proper person to have their custody but that she was capable of discharging her duties as such custodian and that her surroundings and condition were such as to justify the court in awarding it to her. If her financial condition should become such as to make it difficult for her to support them, the law makes ample provisions under which the father can be required to do so, even though she has their custody. While, as we have said, our courts have, in some cases, approved decrees in which the custody of children was divided, in our opinion such a condition inevitably has the effect of disturbing and confusing their lives to such an extent that it is inimical to their best interests and constitutes an extreme disturbance in the serenity and orderly, ·methodical home-life and education which are essential in the lives of growing children and constitute a wholesome influence in their growth and development into good citizens. To require a child to change its home twice each year and to live a portion of the year under the dominating influences of one family and the remaining portion of the year in another home and under the control and supervision of another family would constitute a continuous flustration and destroy the salutary environments in which a child ought to live. In our opinion children should never be subjected to such conditions except, possibly, in cases of extreme necessity.

Since no complaint is made in this court of the divorce as granted by the court below, that portion of the judgment will not be disturbed but, in view of the finding of the court that appellant is a fit and proper person to have the custody of her children and no valid reason is apparent why any portion of it should be decreed to others, the portion of the decree which divides their custody and places it in the parents of appellee will be reversed and judgment here rendered decreeing their custody to the appellant with suitable provisions for visitation by the appellee. The costs accruing in the court below and in this court will be taxed against the appellee.