### Arble COCKRELL

v.

### Louise COCKRELL.

No. 6643.

Court of Civil Appeals of Texas.

Amarillo.

Jan. 21, 1957.

Rehearing Denied Feb. 18, 1957.

Harold W. Ochsner, Amarillo, for appellant.

Frank P. Dove, Panhandle, for appellee.

CHAPMAN, Justice.

This is an appeal from an order of the 100th Judicial District Court of Carson County, Texas, denying an application of appellant for reduction of child support payments growing out of a divorce case between appellant and appellee herein.

Divorce was granted appellee, plaintiff in the divorce action, on June 1, 1951. Appellant executed a waiver of service in which he agreed to pay to the appellee $32.50 per month per child for each of the four children and an additional $25 per child each year in the month of August and an additional $25 per child each year in the month of December, together with the sum of $7.55 per month for hospitalization insurance on said minor children. The appellant was not represented by an attorney in the divorce action and did not enter a personal appearance in the trial court at the time the divorce proceeding was held.

The trial court, on the hearing, awarded appellee the sum of $50 per month per child as child support, plus the additional assessments of $25 per child in the months of August and December of each year, together with the $7.55 per month for hospitalization insurance on the four minor children.

From July 1951 to September 1955, appellant paid to the appellee for the support of the minor children the sum of $32.50 per month per child, with the additional assessments described above. The decree of the court rendered on June 1, 1951, having required the payments for support of the minor children to be made until each child reached sixteen years of age, appellant discontinued paying for the oldest child, Glen Cockrell, upon his reaching the designated age.

In October 1955, appellee instituted a contempt proceeding against the appellant seeking to recover the support money she alleged was due from July 1951 through September 1955, as represented by the variance between the amount which the appellant had agreed to pay and the amount which the court had awarded to the appellee.

The record is silent as to the disposition of the contempt proceeding except that on January 5, 1956, the court, with both appellant and appellee present, entered his order vacating a judgment of contempt entered on the 25th day of October, 1955. On this same day, in the same order, the court reduced the amount of payments for the support of the children. We quote that part of the court's order in that respect:

"It Is Further Ordered, Adjudged and Decreed by the Court that the defendant, A. C. Cockrell shall pay into the Registry of this Court on each Saturday during the year 1956, $31.00 per week, except that on the first four Saturdays of the month of August, 1956, such support payments shall be increased to $56.00 per week, with said payments as herein provided beginning on January 7, 1956, and extending through the entire year of 1956. Beginning on the 1st Saturday of January, 1957, such support payments shall be decreased to $25.00 per week, paid directly to the Court, with the exception of the month of August, when such payments for the first four weeks of August shall be in an amount of $50.00 per week. Such payments as are herein provided for shall continue until the oldest of such minor children shall reach the age of 18 years or until further orders of this Court."

Subsequent to the above order of January 5, 1956, to-wit; March 19, 1956, appellant filed an application seeking to reduce the support payments of the three minor children to the sum of $25 per month for each of the three. In a hearing on this application the court, on April 23, 1956, denied appellant's application for modification of the child support order entered January 5, 1956. To this denial the appellant has duly perfected his appeal to this court.

This case is before us without oral argument and without a brief being filed on behalf of appellee.

Appellant's points are: First, that a motion in a divorce court seeking to change the amount of the order for child support is a new cause of action, giving right in either party to an appeal of an adverse order; Second, the trial court's action in refusing the appellant relief on his motion for reduction of child support payments was a clear abuse of discretion.

■ Appellant's Point Number One is well taken. A motion in a divorce court seeking to change the amount of support payments to children coming within the age designated by Article 4639a is such a new cause of action as to give the right, in either party, to an appeal from an adverse order. McAfee v. McAfee, Tex.Civ.App., 258 S.W.2d 824; McAfee v. McAfee, 152 Tex. 156, 255 S.W.2d 185.

■ Appellant makes the contention in his second point that the trial court's order in refusing him relief on his motion for reduction of child support payments was a clear abuse of discretion on the part of the trial judge. To this contention we cannot agree. The record shows that on January 5, 1956, the court not only vacated a contempt order entered against appellant on October 28, 1955, but also reduced his child support payments very substantially from the first amount assessed. The record also shows that the court's order entered January 5, 1956, reduced the child support payments, beginning January, 1957, still further to $25 per week.

Considerable testimony was offered concerning appellant's income and his ability to make payments. From such testimony the trial court evidently concluded appellant was not able to pay what the court had previously assessed against him or the amount he had been paying, and so, reduced his payments. By the same token the trial court was justified in believing from all the testimony introduced that appellant was able to pay the reduced amount. The court had the right to take into consideration the amount of money appellant was spending during the years under consideration in arriving at his income and his ability to pay.

■ No findings of fact were requested or filed. We must, therefore, affirm the judgment if it had support in the evidence. Such findings of fact may be implied in support thereof as may reasonably be inferred from the evidence which is favorable to the judgment rendered. Scott v. Fort Worth Nat. Bank, Tex.Civ.App., 170 S.W.2d 576.

This court cannot say, in a situation such as that presented by the record in this case, that the trial court was guilty of an abuse of discretion in denying appellant's application to reduce the support payments below the amount assessed in the hearing of January 5, 1956.

■ We recognize as a correct statement of law the principle announced in the case of Gully v. Gully, 111 Tex. 233, 231 S.W. 97, 15 A.L.R. 564 cited by appellant in his brief on Point Number Two. However, each case of this nature must stand on its own facts and the facts of the case under consideration are different to the facts in the case just cited.

■ In hearings of this nature trial courts, of necessity, have wide discretion. From the entire record in this case we cannot see any such abuse of discretion as to justify a reversal. The judgment of the trial court is accordingly affirmed.