Welton Devon MADDEN, Appellant,

v.

Virginia Grace MADDEN, Appellee.

No. 16383.

Court of Civil Appeals of Texas.

Fort Worth.

Feb. 15, 1963.

Rehearing Denied March 15, 1963.

John H. Holloway, Houston, for appellant.

Carnes & Martin, and Lamar Carnes, Houston, for appellee.

RENFRO, Justice.

Welton Madden appealed from an order denying child support and visitation modifications.

Appellant and Virginia Madden were divorced July 20, 1961. Custody of the two children, girls, ages six and eight, was awarded to Mrs. Madden. Appellant was allowed possession of the children once weekly from 2:00 P.M. to 6:00 P.M. on Saturdays and two weeks during the summer. He was ordered to pay $220 per month child support for twelve months, whereupon the payments were automatically reduced to $150 per month.

Thereafter, appellant filed a motion in which he prayed for decreased support payments and increased visitation privileges. Both requests were denied on April 23, 1962.

Since, under the original divorce judgment, the support payments were reduced from $220 to $150 per month in July of 1962, we are here concerned only with the latter amount in determining whether the court erred in refusing to reduce such payments.

At the time of the divorce appellant's salary was $500 per month. At the time of the modification hearing his salary was $525 per month. At the time of the divorce appellant and appellee had combined salaries of $855. As of the time of the hearing appellant and his present wife had combined

salaries of $860 per month. Appellant's present wife also receives support from her former husband for her two children and receives income from rental property.

Appellee testified in detail as to the necessary expenses incurred in rearing and taking care of the two little girls.

Appellant has made all payments as required by the original order, but finds himself in constant financial strain.

 The duty of a father to support his children, after divorce, corresponds to his financial ability. Each case must stand on its own facts, and trial courts of necessity have wide discretion in regard thereto. 21 Tex.Jur.2d 10, § 387; Scott v. Fort Worth National Bank, Tex.Civ.App., 170 S.W.2d 576; Brito v. Brito, Tex.Civ.App., 346 S.W.2d 133.

No findings of fact were requested or filed. We must, therefore, affirm the judgment if it had support in the evidence. Cockrell v. Cockrell, Tex.Civ.App., 298 S.W.2d 178.

From the entire record in this case we cannot say the court abused its discretion in refusing to reduce the support payments.

We also overrule appellant's contention that the court abused its discretion in refusing to enlarge the visitation periods.

Of course appellant is entitled to reasonable visitation with his daughters. What is reasonable depends on the ages, health, surrounding conditions and circumstances. 20 Tex.Jur.2d 663, § 333. The trial judge, who heard both the original divorce suit and the modification suit, determined that the visitation periods as fixed were reasonable. We are unable to say from the record that he abused his discretion in so holding.

Should it appear, as the little girls grow older, that their best interest will be served by longer or more frequent visitation periods with their father, appellant may again seek visitation changes.

All points of error are overruled and the judgment of the trial court is affirmed.

Affirmed.