Pearl Arlene THOMPSON, Appellant,

v.

Eulys Leonard THOMPSON, Appellee.

No. 16546.

Court of Civil Appeals of Texas.

Fort Worth.

June 12, 1964.

Rehearing Denied July 10, 1964.

H. Tod Weaver and James F. Hoge, Jr., Fort Worth, for appellant.

McDonald, Sanders, Nichols, Wynn & Ginsburg, and Ernest E. Sanders, Fort Worth, for appellee.

LANGDON, Justice.

This case is companion to the case of *Thompson v. Bott*, 380 S.W.2d 640, in which this court handed down its opinion this same date.

On July 12, 1962 suit was instituted by appellee, Eulys Leonard Thompson, against his wife, Pearl Arlene Thompson, appellant, for divorce, division of property, award of custody to his wife and for reasonable visitation and child support.

On August 6, 1962 appellant filed her original answer and a counterclaim and cross-action against appellee and Ruth Bott, a feme sole. She alleged that appellee had conveyed 178 shares of Thompson Auto Loans, Inc., stock to Ruth Bott in violation of her community rights and that such transfer of stock should be set aside.

On December 5, 1962 appellant filed a cross-action for divorce and division of property.

The case was tried to a jury on twenty special issues. It found each party guilty of such cruel treatment as to render living together insupportable. It answered fifteen issues concerning market value, specific indebtedness, and other matters relating to community property and awarded appellant $5,000.00 attorney's fees.

Judgment was rendered awarding a divorce to the appellee, decreeing a division of the property, awarding custody, child support and $5,000.00 in attorney's fees.

The appellant in appealing attacks the judgment of divorce, division of the property, amount of child support and the amount of attorney's fees, based upon thirty assignments of error.

We affirm.

Appellant by her first point of error presents four contentions as follows, (1) the acts of appellee were such as to deny him a divorce because of recrimination, (2) her acts were of a lesser degree, (3) no evidence to support the judgment of divorce and (4) same was contrary to the great weight of evidence.

■ No issues were requested or submitted on the defense of recrimination or inquiring as to the degree of cruel treatment of the respective parties.

"Upon appeal all independent grounds of recovery or of defense not conclusively established under the evidence and upon which no issue is given or requested shall be deemed as waived." Rule 279, Texas Rules of Civil Procedure. Evidence relating to this point was not conclusively established. It was controverted in every essential detail.

■ In McFadden v. McFadden, 213 S.W.2d 71 (Amarillo Civ.App., 1948, Mand. Overr.), the jury, as here, found both parties guilty of cruel treatment. The court held: "The doctrine of recrimination is observed in a number of jurisdictions in this country and, under it, where it is shown in divorce cases that both parties have been guilty of cruel treatment, a divorce will not be granted. It is now well settled however, that in this state, as well as a number of others, the rule is relaxed and that of comparative rectitude is recognized. In such cases the court has the duty of weighing the conduct of the respective parties and is authorized to grant a divorce to the one who is lesser guilty. Marr v. Marr, Tex.Civ. App., 191 S.W.2d 512; Beck v. Beck, 63 Tex. 34; Jones v. Jones, 60 Tex. 451." The court further said: "The question is largely within the sound discretion of the trial court and especially so when it is presented by findings of the jury, as it was in this case. We conclude therefore that the court properly weighed the conduct of the respective parties and that the conclusion reached was the correct one." We hold to the same effect.

■ As to the contention of no evidence, we must disregard all unfavorable evidence and consider only that favorable to the verdict. Concerning the contention that the judgment was contrary to the great weight, this court, to warrant reversal, must find from the record as a whole that the granting of the divorce was so against a great preponderance of the evidence as to shock the conscience. In applying these rules we find the testimony of appellee and other witnesses in support of the finding of cruel treatment on the part of appellant to be clear and convincing. Evidence is so extensive in this regard that we see no necessity to recite it in any detail.

Appellant complains of the court's action in granting summary judgment to Ruth Bott and in reading a portion thereof to the jury and commenting thereon and in refusing cross-examination of Bott concerning the transfer of the stock to her. Appellant also complains of the court's failure to enjoin Ruth Bott from disposing of the 178 shares of stock. Since these points are closely related they will be considered as a group.

■ In the appellant's counterclaim and cross-action against appellee and Ruth Bott she alleges the stock transfer in question occurred on September 20, 1961, some months prior to the institution of the divorce action. Mrs. Bott filed a motion for summary judgment with supporting affidavit. It is without dispute that Mrs. Bott paid $10,000.00 cash for the stock. There was no tender or offer to return the money which Mr. Thompson received for the stock. It must be presumed from the circumstances of the transfer that the $10,000.00 became a part of the community assets. There is no evidence in the record to the contrary. Thus the appellant's suit against Bott to cancel the sale of the corporate stock was for the benefit of the community estate of the Thompsons. The community estate originally had 592 shares of such stock. There remained in the community 414 shares after transfer of the 178 shares to Mrs. Bott. In its judgment of divorce the court found that the community estate consisted of 414 shares of the stock and awarded to each of the parties 207 shares. Thus the court in granting Mrs. Bott's motion for summary judgment in effect found that the 178 shares of stock belonged to Mrs. Bott and therefore were no longer a part of the community estate. The appellant in her reply to the motion for summary judgment raised no issue of fact as to a fraudulent disposition of the community property by appellee to Mrs. Bott. Finding no genuine disputed fact issues involving the stock transfer the court granted the motion for summary judgment. This effectively took the issue of the 178 shares of stock out of the case. It narrowed the scope of the trial to that extent and the court retained full power to make one complete adjudication on all aspects of the case at the proper time.

It was therefore proper for the court to permit the reading of pertinent portions of the summary judgment to the jury, with instructions that it should not consider the matters therein disposed of as having any bearing on any issue involved in this suit. For the same reason the court properly refused examination of a witness concerning the stock transaction and to enjoin Ruth Bott from disposing of the stock.

■ In considering the contention that the court's division of the property was inequitable and constituted an abuse of discretion it is the duty of this court to indulge every reasonable presumption in favor of a proper exercise of discretion by the trial court in dividing the properties of the parties. Ingham v. Ingham, 240 S.W.2d 409 (Amarillo Civ.App., 1951, Mand. Overr.); Mozisek v. Mozisek, 365 S.W.2d 669 (Fort Worth Civ.App., 1963, Dismissed).

A proper construction of the judgment in the light of the whole record and the court's recitals in the judgment shows the court did partition the property.

The provisions of Art. 4638, Vernon's Ann.Civ.St., do not require the division of property to be equal. The court can be controlled by what the facts lead him to believe is just and right. Hailey v. Hailey, 160 Tex. 372, 331 S.W.2d 299 (1960).

■ Under the statute, the court has wide discretion and power to determine questions of fact in respect to the division or partition of the property between the parties to a divorce and such awards will not be disturbed unless there is a clear abuse of discretion. Kollenborn v. Kollenborn, 273 S.W.2d 660 (Fort Worth Civ.App., 1954, Dismissed); Milligan v. Milligan, 282 S.W. 2d 127 (San Antonio Civ.App., 1955, no writ. hist.).

■ We find no abuse of discretion on the part of the trial court in the disposition of the property.

■■■ Appellant's points 7, 8, 10, 27 and 30 are based upon acts of the court which are not complained of in the motion for new trial and therefore the errors, if any, have been waived by appellant. The point concerning the court's refusal to enforce temporary orders is now moot.

■ Point 8 above referred to and point 9 complain of the court's action in refusing to permit appellant to take the oral depositions of certain witnesses. Appellant made known her desire to take the oral deposition of some fifteen witnesses. Following a hearing she was authorized to take the deposition of four witnesses. The order provided that the depositions of the other witnesses could be taken for good cause. There is no showing that appellant ever filed an application or otherwise requested the court to permit the taking of additional depositions or that she took the four depositions authorized. Clearly, under its order the trial court would have permitted the taking of the deposition of any material witness upon request of appellant.

■ Under point fourteen the appellant complains of the court's action in permitting the appellee, during pendency of the suit, to borrow $30,000.00 additional to the $20,000.00 already owed to the bank, and thereby encumber and dissipate the community assets.

Under undisputed evidence the Circle 6 Auto Parts, a partnership between appellee and Boyd, owed Thompson Auto Loans, Inc., in excess of $30,000.00. A good part of the $30,000.00 borrowed was paid on the obligations to Thompson Auto Loans, Inc. In so far as the community estate is concerned, the loan did not change the overall financial picture of the parties and their indebtednesses. The loan was approved by the court for the benefit of the community estate after a full hearing.

Appellant contends that certain notes and paper were sold and transferred in violation of the temporary order restraining appellee from disposing of community property. The order permitted the selling and disposing of community property in the regular course of business. The sale and transfer complained of was in the regular and routine course of business and was duly authorized by its board of directors.

■ The principal complaint of appellant under her points 15, 16, 17 and 18 concerns the appellee, J. L. Boyd and other witnesses testifying as to the values of the community properties. Some of the properties testified about were divided equally between the parties by the court. Testimony on many items was not objected to. Certainly, as an officer and operator of the various businesses belonging in whole or part to the community the appellee should be thoroughly familiar with their values.

■ It is not necessary for a witness to be an expert in a technical sense to be qualified to testify as to the value of land. Leyendecker v. Rau, 290 S.W.2d 262 (Fort Worth Civ.App., 1956, no writ hist.), held: "To qualify a witness to so testify, it is generally held to be sufficient for the witness himself to say that he knows the tract of land in question and is acquainted with its value." See also State v. Sides, 348 S.W. 2d 446, 450 (Dallas Civ.App., 1961, Writ ref. n. r. e.), and cases cited therein. Under the foregoing decisions, the testimony of appellee concerning the value of the real properties was admissible.

■ Mr. Walter Leatherwood, a certified public accountant, testified that as of December 31, 1962, he, on behalf of appellee, and Mr. Fred Hall, an accountant on behalf of appellant, cooperated in preparing balance sheets and statements of assets and liabilities of the various businesses in which the community had an interest. The statement was prepared in January or February of 1963 based upon information secured from the books and records of various busi-

nesses, comprising the community estate of the parties. Trial balances were taken from the records maintained by the company for these organizations. From these statements the balance sheet for each entity, based on information which they obtained, was prepared. He further testified that he and Mr. Hall were authorized by the appellee to go to the different banks in Fort Worth and secure any information concerning any business in which he was interested. They did go to the different banks where accounts had been carried by appellee or any of his businesses. Mr. Leatherwood was permitted to testify from such balance sheets as to the book value only of Thompson Auto Loans, Inc., Circle 6 Auto Parts, B & F Motors, B & T Loans, and The Pit. He did not testify as to market value of such businesses.

The statements prepared jointly by Mr. Leatherwood and Mr. Hall were used extensively by the attorneys for appellant and appellee in examining witnesses. Hence, there was no error in permitting appellee during cross-examination to examine these same balance sheets.

Appellant complains of the court's failure to grant her motion to transfer the case and her motion for continuance. The record does not reflect that either motion was presented to the court or called to its attention. There is no order disposing of either motion. The appellant fails to show any error under such circumstances. 3 Tex. Jur.2d, Appeal and Error, § 431, p. 684, and § 433, p. 686 of same text; First State Bank & Trust Co. v. First Bank of Truscott, 32 S.W.2d 494, p. 495 (Eastland Civ. App., 1930, Refused).

By a single instrument the appellant requested the submission of twenty-eight special issues and one special charge over the single signature of her attorney. Some of the issues were submitted by the court and others refused. The appellant contends the court erred in refusing requested issues 3, 4, 6, 7, 8 and 9. The court did not err in refusing issues submitted en masse. Edwards v. Gifford, 137 Tex. 559, 155 S.W.2d 786 (1941), held: " * * * it is not error for the trial judge to refuse to submit issues when they are all placed in a single instrument and are intermingled in such a way as to be confusing; and, further, that when issues are submitted in such manner, he is not required to search through the requested issues and submit those which are proper and refuse those which are improper." The court further held: "If one or more of the special issues requested en masse should not be given, the court is justified in refusing to give any of them." See also Vaughn v. Watkins, 344 S.W.2d 902, 904 (Eastland Civ.App., 1961, Writ refused n. r. e.).

None of the issues complained of were controlling, ultimate or material issues. There is no evidence to support requested issues 3, 4, 6 and 7. The matters raised in issues 8 and 9 were settled by the summary judgment entered by the trial court.

The appellant levels further complaint that the court abused its discretion in the amount of child support awarded. Because of their ages child support was provided for only one child. The court fixed his support at $35.00 per week. "The duty of a father to support his children, after divorce, corresponds to his financial ability. Each case must stand on its own facts, and trial courts of necessity have wide discretion in regard thereto." Madden v. Madden, 365 S.W.2d 427, p. 429 (Fort Worth Civ.App., 1963, no writ hist.). We find no abuse of discretion.

The contentions contained in points of error Nos. 22, 23 and 24 are not borne out by the record.

Concerning the balance sheet referred to at page 78 of appellant's brief the employee of General Rediscount Corporation, Ben B. Smith, testified it was a balance sheet furnished by an accountant of Thompson Auto Loans, Inc., and there were no names on it. Upon objection by appellee's counsel the trial court refused to permit the instru-

ment to be introduced in evidence. There is no showing that appellant attempted to cross-examine appellee from such statement.

■■ Appellant's contention that the trial court would not permit her to use Exhibits 9 and 10, financial statements, to impeach appellee's testimony is not supported by the record. Appellant's counsel cross-examined appellee as to such statements. The statement of appellant that the trial court refused to allow the appellant to impeach appellee on the basis of testimony given at a temporary hearing while the suit was pending is not supported by the record. The trial court sustained objection to the question because it was too general, and advised counsel, " * * * I told you if you had a specific instance, that I would admit it * * *." The court sustained appellee's objection to testimony concerning the use of a boat given at a prior hearing because it was an attempt to impeach the witness on an immaterial matter. The statement of appellant that the bylaws of the corporation were sought to be introduced for the purpose of impeaching appellee's testimony finds no support in the record

The trial court erred according to appellant in requiring her to either read certain pleadings to the jury prior to the commencement of testimony or else to waive such pleadings.

■ In one of her pleadings the appellant in essence stated that she still desires to remain married to and serve her husband faithfully as a lawful wife and to conduct herself toward him with kindness, affection and love. In another she alleged she was entitled to divorce and set forth grounds to support it. It would have been basically unfair in this suit, tried before a jury, to permit the appellant to refrain from reading pleadings upon which she sought relief in the absence of a waiver or dismissal of same. In essence the court held that the appellant should either read her pleadings to the jury or else waive them. We find no error in this ruling.

■ The appellant contends the court erred in failing to issue a warrant of attachment for the witness A. C. Thompson, appellee's father. There is no showing that she ever caused a subpoena to be issued or served upon this witness. An attachment would therefore be improper.

■ The appellant complains that the court, throughout the trial, was continually commenting on the weight of the evidence. We find only two assignments of error in appellant's motion for new trial which this complaint could conceivably be based upon. These two assignments are too vague and general to identify the remarks for the trial judge to rule upon and thus too general to support a point of error.

■ The matter of allowance of attorney's fees and the amount thereof are within the sound discretion of the trial court. Muran v. Muran, 210 S.W.2d 617 (Galveston Civ.App., 1948, no writ hist.); Henderson v. Henderson, 259 S.W.2d 780 (Austin Civ.App., 1953, no writ hist.). The absence of expert evidence is immaterial to the sustaining of an attorney's fee. Danache v. Danache, 296 S.W.2d 821, p. 824 (Waco Civ.App., 1956, no writ hist.).

■ The trial court is not bound by the testimony of expert witnesses. It may consider such evidence along with its own experience and observance in such matters. Moore v. Moore, 192 S.W.2d 929, p. 933 (Fort Worth Civ.App., 1946, no writ hist.). Under this record the court did not abuse its discretion in setting the attorney's fees at $5,000.00.

■ The judgment of divorce was signed and entered by Judge Floyd Jones, on September 6, 1963. The order terminating alimony was signed and entered on October 7, 1963, by Judge Walter Jordan. The only appeal bond of appellant in the transcript recites that an appeal is being taken from the divorce judgment rendered September 6, 1963. The order of the trial court dated October 7, 1963, is not properly before this court.

In divorce cases, wide discretion is vested in the trial judge, both with respect to the question of divorce, and with respect to the questions relating to the property and financial affairs of the parties.

During the trial of this case, which lasted almost three weeks, the various contentions of the appellant were accorded thoughtful and courteous consideration by the trial judge. The record reflects that throughout the entire trial he exercised the restraint and demonstrated the temperament of an extremely capable trial judge.

The verdict of the jury and the findings of the court will be tested by the evidence tending to support them, disregarding all evidence to the contrary. There is no showing in this record that the able and experienced trial judge abused his judicial discretion in awarding the divorce, and in making a division of the property or otherwise. The suggestion of partiality and prejudice is not supported by the record.

All points of error are overruled and the judgment of the trial court is accordingly affirmed.