**Jean WATTS, Appellant,**

**v.**

**John J. WATTS, Appellee.**

**No. 5667.**

Court of Civil Appeals of Texas.

El Paso.

Dec. 30, 1964.

Rehearing Denied Feb. 17, 1965.

Storey, Armstrong & Steger, Hugh L. Steger, John K. DeLay, Jr., Dallas, for appellant.

John J. Watts, Odessa, for appellee.

PRESLAR, Justice.

This is a divorce action brought by the husband, as plaintiff, and to which the wife

filed a cross-action. The wife is appellant from a judgment of the court, sitting without a jury, awarding the husband a divorce, custody of their seven-year-old daughter, costs of court, and upholding an antenuptial agreement which had the effect of awarding all property, except a note and personal gift items, to the husband, and causing the wife to pay her own attorney's fees. We affirm as to the granting of the divorce and award of child custody, and reverse and remand as to the property and attorney's fees.

 Appellant raises as her first point of error the granting of divorce to the plaintiff-husband, and contends that the trial court abused his discretion in failing to apply the doctrine of comparative rectitude and failing to grant her a divorce on her cross-action as the party "less guilty". It is well settled that the doctrine of comparative rectitude is recognized in Texas. Under it, where both parties are found guilty of cruel treatment, the court has the duty of weighing the conduct of the respective parties, and is authorized to grant a divorce to the one who is less guilty. Marr v. Marr, Tex.Civ.App., 191 S.W.2d 512; Beck v. Beck, 63 Tex. 34; Jones v. Jones, 60 Tex. 451; McFadden v. McFadden, Tex. Civ.App., 213 S.W.2d 71; Thompson v. Thompson, 380 S.W.2d 632, Tex.Civ.App. No findings of fact were requested or filed. The decree is likewise silent as to the ground for divorce found by the court. Therefore, we can only speculate as to the basis on which the judgment was granted, and must affirm it if it has any support in the evidence. A study of the Statement of Facts indicates that the court could have found either party entitled to a divorce. Under such state of the record, this court cannot say that the trial court abused his discretion. The result reached by the application of the doctrine is a matter within the sound discretion of the trial court. McFadden v. McFadden, and Thompson v. Thompson, supra.

 A contention of great concern is appellant's second point, in which it is con-

tended that the trial court erred in awarding the seven-year-old daughter of the marriage to the husband. That this is a matter within the broad discretion of the trial court is so well established as to require no citation of authorities, but it is a matter for close scrutiny by the appellate courts for abuse. The test to be applied by this court is not what we would have done under the circumstances—whether we would have reached the same result—but whether the result reached by the trial court amounted to an abuse of discretion to the extent that it should be reversed. Again, we are faced with the fact that no findings of fact were requested or filed. Under such circumstances we must affirm the judgment if it has any support in the evidence. Scott v. Fort Worth Natl. Bank, Tex.Civ.App., 170 S.W.2d 576; Cockrell v. Cockrell, Tex.Civ. App., 298 S.W.2d 178; Madden v. Madden, Tex.Civ.App., 365 S.W.2d 427. Appellant points out that ordinarily the father is not awarded a daughter of tender years unless it is found that the mother is unfit. There is no such finding here; in fact, there is no finding as to any fact for us to weigh against the record and make a determination of its correctness. Reviewing all the great volume of testimony in the light of what was at that time best for the child, we are unable to conclude that the action of the trial court amounted to an abuse of discretion.

 The trial court found that the parties had entered into a parol antenuptial agreement under which the husband was to pay all household expenses and give the wife one thousand dollars per month in lieu of any right or claim to any community property. It was held that by her acceptance of such amount the wife had ratified such agreement, and by remaining silent when it was her duty to speak had waived her right to any community property, and that she is estopped now to claim any property. We think it unnecessary to discuss ratification, estoppel or waiver, for under the established law the oral antenuptial agreement was void from its inception. It did not

meet the requirements of Article 4610 or Article 4611 of the Statutes (Vernon's Texas Civil Statutes). Article 4610 provides in part:

> " * * * and in no case shall they enter into an agreement, or make any renunciation, the object of which would be to alter the legal orders of descent, either with respect to themselves, in what concerns the inheritance of their children or posterity, which either may have by any other person, or in respect to their common children; nor shall they make any agreement to impair the legal rights of the husband over the persons of their common children. * * *"

The latest condemnation of an antenuptial contract by our Supreme Court is the case of Burton v. Bell, 380 S.W.2d 561 (June 1964). Cases cited by appellee concerning agreements as to property in existence at the time the agreements are made are to be distinguished from the instant case attempting to fix the character of property to be acquired in the future. It is undisputed that the wife was to buy all of her clothing out of the monthly stipend—necessities which the law obligates the husband to furnish—so that the husband is not now entitled to have these payments deducted from the wife's share of the community. It is necessary to remand this portion of the case to the trial court for a determination of what the community property consists of, and to divide it between the parties in accordance with Article 4638. Remand, rather than rendition, is necessary under Rule 434, because the trial court must find the facts as to the community property. We cannot find facts in the first instance, for that is within the sole province of the trial court. Likewise, remand is necessary as to the matter of allowance of attorney's fees for the wife. The record reflects that she is entitled to them, and apparently the trial court was of such opinion, but they were ordered paid out of her funds derived from the parol antenuptial agreement. Having

been determined on an erroneous theory, it is necessary that the issue be tried again.

The judgment is affirmed as to the granting of the divorce and the award of custody of the child of the marriage, and it is reversed and remanded as to the division of property and the award of attorney's fees. Appellant's other points of error are overruled.

## ON MOTION FOR REHEARING

Both parties have filed motions for rehearing. The motion of appellee, John J. Watts, is overruled without opinion. The appellant's motion for rehearing is also overruled, with these additional comments.

Appellant has filed her request of this court for findings of fact. This being a case in which the Supreme Court does not have jurisdiction of an application for writ of error, the rules do not require findings of fact by the Court of Civil Appeals (Rule 453, Texas Rules of Civil Procedure), and we decline to do so, for it would be of no benefit to appellant in the further prosecution of her case.

In her motion for rehearing, appellant expresses concern that there is an implied finding by the trial court that the property here involved is not community property. We see no such implication. The appellee pleaded that all the property was his by virtue of the parol antenuptial agreement. He alleged, in the alternative, that if the court does not uphold the agreement, then certain of the property is not community property. In upholding the agreement, the court never reached the alternative plea. The issues as to which property might be community and which might be separate were never reached, for the court said, in effect, it matters not what the nature of the property may be, for under the agreement all of it goes to the husband. This agreement we have found to be void, so that the parties now stand before the court for a new trial as to what their property consists of, its nature, and a division of it. Appel-

lant urges there are certain undisputed facts about some items of property which this court should determine. We think that justice would be better served if we did not attempt this piece-meal determination, but left the parties in what may be described as the normal situation for a determination of their property rights, now that the court is free of the antenuptial agreement issue.