**Riley M. BARLOW, Appellant,**

v.

**Katherine Ann BARLOW, Appellee.**

No. 5118.

Court of Civil Appeals of Texas.

El Paso.

July 20, 1955.

On April 23, 1946, appellee in this cause obtained a decree of divorce from appellant. This decree granted custody of Mary Katherine Barlow, a female child aged two years, to appellee, and provided that appellant should pay appellee fifty dollars per month for support and maintenance of said child. On January 26, 1955, appellee filed her petition in this cause, praying that said monthly amount of support for said child be increased to $100. She alleged that fifty dollars per month was not sufficient for the support of the child, and that appellant could afford to pay a greater amount; that $100 per month was reasonably necessary and appellant could afford to pay this sum; that the child had advanced to the age where additional clothing, activities and attention were necessary; that prices for food and clothing were higher and the child required many things additional since the divorce was granted because of her advanced age, and the expenses would increase as the child advanced in age.

Appellant answered, alleging that since the divorce he had remarried and out of his net salary of $400 per month, after the payment of $50 for the support of the child he has only $350 per month to provide for his wife, two additional children, pay for his uniforms and job expenses, insurance, church contributions and other living expenses; that he was in debt for car payments and insurance loans to the extent of $1,800; that he owns no real estate, bonds or stocks, and that it was not economically possible under the circumstances for him to make any additional contribution for the child's support. The court, after hearing on March 26, 1955, entered judgment ordering appellant, commencing with the April payment, to pay into the registry of the court monthly the sum of $71.10 for the maintenance and support of the child.

█ Appellant's points are: First, that the court erred in applying a formula in arriving at his judgment, rather than considering the evidence in the case and using his discretion. Second, that if the court did in fact use any discretion, that there

Richard L. Toll, Pecos, for appellant.

Guy H. Carriker, Nederland, for appellee.

McGILL, Justice.

This is an appeal from a judgment of the district court of Reeves County, increasing the amount ordered to be paid for child support in a judgment rendered in a divorce suit between the parties.

was a clear abuse of that discretion because the uncontroverted evidence showed that there was absolutely no justification for the increase in monthly support; and Third, that there is no evidence to support the judgment of the trial court.

The following recital appears in the judgment:

"And the Court having heard the evidence and the argument of counsel thereon, stated that he had an established formula, well known all over the District, being based upon the amount of one-fourth (¼) of the net income of the Defendant, and that the amount of child support and maintenance herein should be the amount of $71.10, based upon the formula."

While we do not understand how the court arrived at the amount of $71.10, based on his formula, we must assume that the amount is based on the formula of one-fourth of the net income of defendant as the judgment recites. The application of such formula to determine the amount which appellant should pay for support of his child was clearly erroneous. The true rule is thus stated in Gully v. Gully, 111 Tex. 233, loc. cit. 241, 231 S.W. 97, loc. cit 100, 15 A.L.R. 564:

"In determining the duty of the husband to supply necessaries to his children, before or after divorce, it is to be borne in mind that his duty corresponds to his financial ability, having due regard to all his lawful obligations, which may include those assumed to another wife and to other children, and in no event is he liable for food, clothing, attention, or education other than such as is suitable to his and their circumstances in life."

The application of such formula under the evidence in this case would work a great hardship on appellant and those dependent on him for support. He has remarried and there is one child six years of age of that marriage. His wife has a female child eleven years of age, born of a prior marriage. These children and his wife are dependent upon appellant for support. Therefore, arbitrarily to require him to pay one-fourth of his entire net earnings to the support of this one child would be unjust to him and to his other dependents.

 The facts of this case, as in every case involving child support, require the exercise of a sound discretion by the trial judge, and not the arbitrary application of any formula. For this purpose the judgment is reversed and the cause remanded.