stated. See Willson's Criminal Forms, 6th Ed. (1958 Pocket Part), Sec. 570.

■ Appellant next attacks the constitutionality of that portion of Article 483, supra, which makes it unlawful to carry on or about the person "a knife with a blade over five and one-half (5½) inches in length" on the ground that it is of such doubtful construction that it may not be understood. Reliance is had upon Ex parte Chernosky, Tex.Cr.App., 217 S.W.2d 673, 674, where this Court held the phrase "without due caution or circumspection" Vernon's Ann.Civ.St. art. 6701d, § 51, to be so vague and indefinite as to render the statute inoperative because men of common intelligence must guess as to its meaning. There is nothing vague or indefinite in the description of a knife "with a blade over five and one half (5½) inches in length" and no need to guess at its meaning.

Appellant further relies upon Spigener v. State, Tex.Cr.App., 314 S.W.2d 832, where we held that the phrase "hand chain" is not well recognized and of such doubtful construction that it cannot be understood. We reiterate that such is not the case before us here. Attention is further called to the recent holding of this Court in Marney v. State, Tex.Cr.App., 330 S.W.2d 623, wherein we held unconstitutional a statute which makes it unlawful to possess mercury without having in one's possession a bill of sale for the same (Vernon's Ann.P.C. art. 1436b, § 3). An entirely different question is here presented. The Legislature has the power to regulate the wearing of arms with a view to prevent crime. Article I, Section 23, Constitution of Texas, Vernon's Ann.St. Article 484, V.A.P.C., provides reasonable exemptions under which such arms may be carried, and therefore those provisions of Article 483 which are definite and certain are not unconstitutional.

The judgment is affirmed

WOODLEY, P. J., absent.

Lazaro BRITO, Jr., Appellant,

v.

Guadalupe Sosa BRITO, Appellee.

No. 5469.

Court of Civil Appeals of Texas.

El Paso.

April 5, 1961.

Rehearing Denied May 3, 1961.

Armendariz & Aguirre, El Paso, for appellant.

Frank O. Ray, Alpine, for appellee.

FRASER, Justice.

This is an appeal from a hearing before the 83rd Judicial District Court of Presidio County, which hearing was held on April 18, 1960, and was based on the appellant's petition to reduce child support payments. The court had previously ordered the appellant to pay the sum of $75 per month for the support of his minor child, and appellant based his petition on the grounds that he had re-married, and this additional expense, plus that of trading cars, made it impossible for him to keep the payments up in this amount. The court further rendered judgment against the appellant for the sum of $120, as the balance on payments in arrears of said child support.

Appellant's first point must be granted, as both sides concede, and it is elementary, that the court was without power to grant the judgment of $120, as it has long been settled that courts cannot grant judgments for arrearages in child support payments under these circumstances. Appellee's motion for remittitur must be denied, as we do not believe that the theory of remittitur applies in this case, but is rather intended to reduce an excessive, but valid, legal judgment, instead of canceling an illegal one. Appellant's first point is accordingly sustained.

With reference to the second point, we do not feel, on the basis of the evidence before us, that we would be justified in ordering a diminution of the payments. Appellee, as appears from the record, submitted considerable documentary evidence, such as food, medicinal, and clothing expenditures, along with her testimony as to the amount needed for the child's care, both at home and medical. It was established that the child suffers from bronchial asthma, and has to have certain medication and medical attention. We fully realize and appreciate the appellant's unfortunate position, but we have to consider the fact that he was under court order to pay this amount per month for the child, who is now between two and three years old, before he incurred additional burdens. It is true that the record reveals that he has apparently made a very praiseworthy attempt to keep up his payments; but the trial court, in considering a situation of this sort, must always keep before it the question of the child's welfare. An appellate court is not authorized to change or alter findings of the trial court unless the said court has grossly abused its discretion. In other words, we are not really authorized to change the amount found by the trial court merely because we might think it a little too high or a little too low. The trial court is clothed with considerable responsibility in these matters and is necessarily endowed with much discretion and latitude. Furthermore, he has the people before him, and is in a much better position to make a proper assessment and analysis of the needs and abilities of the parties than we are. We do not feel that the trial court has abused its discretion here; and we, of course, must indulge every reasonable presumption, consistent with the record, in favor of the judgment. Here, the appellant earns $267.60 take-home pay per month. The child's mother earns about $78.00 a month. On the basis of these facts, and the child's health, we do not feel at all authorized to say that the trial court abused the power vested in it. We do not dwell on the point raised that appellant put himself in this unfortunate position, as we feel that it is the natural inclination of every normal human being to want a home, and therefore to seek one through the medium of marriage. But, even though that be true, this child's welfare must come first, and it must be cared for in the manner consistent with the means of the father—a situation which fathers must consider before they take on additional obligations. In other words, we readily

concede that a father, under obligation to pay for the support of a child, has as much right as anyone else to re-marry and make economic changes; but, in our opinion, this cannot be done at the child's expense, especially so where the court has twice, as here, set a figure that, in the opinion of the court, is necessary and adequate. Gully v. Gully, 111 Tex. 233, 231 S.W. 97, 15 A.L.R. 564; Barlow v. Barlow, Tex.Civ.App., 282 S.W.2d 429.

Finding no error in the trial court's refusal to reduce the monthly payments, appellant's points with reference thereto are therefore overruled.

With reference to the judgment of $120, that part of the judgment is reversed and rendered in favor of the appellant. The remainder of the judgment is affirmed.