Frances Joan PALMER, Appellant,

v.

William Harrison PALMER, Appellee.

No. 14011.

Court of Civil Appeals of Texas.

San Antonio.

Dec. 5, 1962.

Travis Smith, Corpus Christi, for appellant.

John R. Haas, Corpus Christi, for appellee.

MURRAY, Chief Justice.

On August 15, 1961, in Cause No. 72655 on the docket of the District Court of Nueces County, Texas, William Harrison Palmer was granted a divorce from Frances Joan Palmer, based on desertion for more than seven years, and ordered to pay her, for their two minor children, William Harrison Palmer, Jr., a boy nine years of age, and Frances Joan Palmer, a girl seven years of age, the sum of $58.55 each, or a total of $117.10 per month for the two children.

On January 17, 1962, some five months later, William Harrison Palmer filed a motion in the same cause, seeking a reduction in his payment for child support. On February 12, 1962, after a hearing, the trial court entered an order reducing his payment to $77.10 for the support of his two minor children. From this order his former wife, Frances Joan Palmer, has prosecuted this appeal.

The evidence shows that immediately after William Harrison Palmer was divorced he married a second wife who had three small children, and is now pregnant, is under a doctor's care, and soon will have a fourth child, but the parties stipulated that this second marriage was not to be taken into consideration in determining whether or not the child support for Palmer's two children by his first marriage should be reduced, and this stipulation seems to be in keeping with the law. Brito v. Brito, Tex.Civ.App., 346 S.W.2d 133.

Appellee testified that he is a First Class Petty Officer, E6, and that his pay grade goes up through E9. He is apparently making the same salary now that he was making at the time of his divorce. His only complaint is that his take home pay is less. The Government lately discovered that he had been overpaid the sum of $292.00, and is requiring him to pay this back at the rate of $22.00 per month. This amount is taken out of his pay each month. He is being transferred from land service to sea service. He has heretofore been permitted to

draw $31.00 per month commissary rations. While he is on sea duty he will receive his meals on the ship in lieu of this $31.00. Thus, he says, his take home pay has been reduced $53.00 per month. On this basis the trial court reduced his payment for child support from $117.10 to $77.10 per month, a reduction of $40.00. Appellee admits that when he is on sea duty he will receive a pay increase of $22.00 per month, but this increase will not start for a period of four months, as he must go to a school for four months before he actually goes on sea duty. After about thirteen months he will have repaid his debt of $292.00, then the $22.00 will no longer be taken from his pay each month.

The evidence did not justify the reduction in the amount of child support, and the court erred in reducing the same from $117.10 to $77.10 per month.

The judgment is reversed and the cause remanded.