Thomas B. ANGEL, Jr., Appellant,

v.

Mary F. Angel TODD, Appellee.

No. 14100.

Court of Civil Appeals of Texas.

Houston.

May 23, 1963.

DeCoux & DeCoux, Jacque DeCoux, Houston, for appellant.

Wm. H. Scott, Jr., Houston, for appellee.

WERLEIN, Justice.

This is an appeal by Thomas B. Angel, Jr., from an order increasing child support payments decreed by the court for the support of the four minor children of appellant and appellee in the divorce decree of May 24, 1954. The question before us is whether the trial court, upon the hearing of appellee's motion, abused its discretion in entering the order of July 11, 1962 increasing the payments from $200.00 to $300.00 per month for support of such children.

The parties to the cause agreed that the narrative statement of facts included in the transcript, together with a copy of the original divorce decree and an amendment thereto made in July, 1957 changing visitation rights, is a full and correct statement of all the facts given in evidence and of all the evidence adduced on the hearing.

The agreed statement of facts shows that appellant was called as an adverse witness by counsel for appellee. He testified in substance that subsequent to the divorce appellee married one Robert Todd; that appellee has custody of the four children; that since the divorce, appellant had married Wilma R. Angel, and that three children were born of that marriage; that he and Wilma were divorced several years ago in Kentucky and the divorce decree orders him to pay $225.00 per month child support to Wilma R. Angel for said three children; that about 18 months ago he married his present wife, Mauvis M. Angel, and one child was born of their marriage; that he is a veterinarian and has a veterinary clinic in Kentucky and lives in a small house behind the clinic; that his taxable income in 1961 was $15,803.80 before federal and state income taxes were paid in the respective sums of $2,108.48 and $508.70; that he is not financially able to pay more than $200.00 per month for the support of the four children of himself and Mary F. Angel.

He further testified that his taxable income in 1959 was $28,753.99 and in 1960

$17,494.09; that his gross income the last few years was approximately the same, but his personal income had gone down because he could not do all the work he had done in the past since it was injuring his health; that he had to have more employees and that he had to meet payments on the veterinary clinic, land and buildings, and such payments would continue; that his income had been diminishing the last few years; that the cost of living was greater where his children by his second marriage were living; and that the total payments he had to make are in excess of his anticipated income, without taking into account his personal living expenses, and expenses of his present wife and child.

After appellant had so testified in substance and had also testified as to the reasons he wanted the children with him for longer periods, and that if he had the children he, as their father, could provide better care for them and put the $200.00 per month in the bank, the court stopped the testimony, and after a conference in chambers announced its order increasing the child support payments from $200.00 to $300.00 per month, and directing that such payments be made each month including the time the children were visiting appellant.

Appellant contends that since there is no evidence whatever of any changed conditions with respect to appellant's ability to pay other than testimony of his diminished income and greatly increased expenses, and no evidence whatever as to the needs and requirements of his four children or the necessity for increasing the amount of child support, the court's action in ordering an increase in such payments was arbitrary and a clear abuse of the court's discretion. Appellee, on the other hand, takes the position that this Court may take judicial knowledge of the diminishing purchasing power of the dollar, and of the fact that the four children who were at the time of the divorce of ages ranging from 3 months to 5 years, are now 8 years older and require a larger amount for their support.

The rule with respect to child support is stated in Gully v. Gully, 111 Tex. 233, 231 S.W. 97, 100, 15 A.L.R. 564:

"In determining the duty of the husband to supply necessaries to his children, before or after divorce, it is to be borne in mind that his duty corresponds to his financial ability, having due regard to all his lawful obligations, which may include those assumed to another wife and to other children, and in no event is he liable for food, clothing, attention, or education other than such as is suitable to his and their circumstances in life." See Barlow v. Barlow, Tex.Civ.App.1955, 282 S.W.2d 429.

At the time the divorce was granted the court found that the reasonable amount that appellant should pay as child support for his children was $200.00 per month. A fact or condition once proven or known to exist, will be presumed, in the absence of evidence to the contrary, to have continued in effect. Martinez v. Gutierrez, Tex. Com.App.1933, 66 S.W.2d 678. As stated in 23 Tex.Jur.2d, p. 118, Evidence, § 76: "The presumption of the continued existence of an established status or condition is merely an inference of fact that can be rebutted, since it obtains only in the absence of proof to the contrary."

It is true that the order of child support is subject to change from time to time as conditions might change, but unless some action is taken by the one seeking such change to show a change of conditions, the child support should and will continue at the figure last set by the court. DuPre v. DuPre, Tex.Civ.App.1954, 271 S.W.2d 829.

We may take judicial knowledge of the mounting cost of living in these inflationary times, but we cannot judicially know without some evidence the extent thereof. Moreover, the law is well settled that the amount of support under Article 4639a, Vernon's Annotated Texas Statutes, depends upon the varying financial circumstances of the responsible parent and

his ability to pay, as well as upon the needs and requirements of the children and their surroundings and circumstances. McAfee v. McAfee, Tex.Civ.App.1953, 258 S.W.2d 824; Lacy v. Lacy, Tex.Civ.App., 122 S.W. 2d 1104.

In the instant case the only evidence is to the effect that appellant had greatly increased expenses to take care of and that his income had diminished over the past several years. There is no evidence concerning his ability to pay at the time the divorce was granted in 1954 and there is no evidence of any change in his financial circumstances other than his testimony hereinabove recited. What happened in conference after the court abruptly stopped the trial is not a part of the record. The record is completely silent as to the circumstances, needs and surroundings of the children. There is no evidence of any need for additional child support or evidence that the conditions and circumstances and needs of the children as of the date of the present hearing were different than at the time of the divorce.

The burden of proof was upon appellee not only to plead but to prove changed conditions which would warrant increasing the support payments above the amount of payments decreed by the court at the time the divorce was granted. Appellee failed to make such proof, and failed to rebut the presumption of continuance of the established status and condition. Indeed, the only evidence adduced at the trial completely fails to show any changed conditions other than the diminishing ability of appellant to pay and his greatly increased expenses. We recognize that the trial court is vested with wide discretion in determining the amount of the child support payments that should be made, but an order increasing or decreasing child support payments should be based upon evidence and not entered without proof of changed conditions.

It is our view, therefore, that the trial court clearly abused its discretion in making such change in the absence of any evidence warranting the same. It is manifest that the case has not been fully developed and that appellee has not had an opportunity to establish a change in conditions and circumstances of the children, and of appellant, if such there be, which would warrant an increase in child support payments. The judgment of the trial court is, therefore, reversed and the cause remanded for new trial.

Reversed and remanded.

BELL, C. J., not sitting.