Thomas E. BEAIRD, Jr., Appellant,

v.

Jane Robbins BEAIRD, Appellee.

No. 16354.

Court of Civil Appeals of Texas.

Dallas.

June 12, 1964.

Stephens & Stanton, Dallas, for appellant.

Leonard E. Hoffman, Jr., Dallas, for appellee.

WILLIAMS, Justice.

Appeal from an order of the Domestic Relations Court of Dallas County denying appellant's motion to reduce child support payments. In 1961· the trial court rendered a final judgment of divorce dissolving the bonds of matrimony between appellant and appellee and decreeing that appellee have the custody of the two minor children. This judgment provided that appellant was to pay the sum of $250.00 per month as child support until ·the youngest child had attained the age of eighteen years, or until further orders of the court. On July 23, 1963, the oldest of said children attained the age of eighteen years. Thereupon, appellant filed his motion seeking to reduce the child support payments from $250.00 to $125.00 per month. Appellee filed her motion to increase child support payments. Following a hearing before the court both motions were denied and appellant, only, appeals. We find no basis in law for disturbing this order and therefore affirm same.

Appellant, in his principal point on appeal, contends that it was an abuse of discretion on the part of the trial judge to fail to reduce the child support payments. In his second point he complains of the admission of certain testimony.

Inasmuch as this matter was determined by the trial court, without a jury, and since no findings of fact or conclusions of law were requested and none were filed, our consideration· of appellant's points is limited by well defined rules of law. The

**732** ■ 

court's judgment implies all necessary fact findings in support of the judgment and in our review thereof we must only consider that evidence most favorable to the issue and disregard entirely that which is opposed to it. Renfro Drug Co. v. Lewis, 149 Tex. 507, 235 S.W.2d 609, 23 A.L.R.2d 1114; Lamb v. Ed Maher, Inc., Tex.Civ.App., 368 S.W.2d 255. Any doubt as to the construction of the law arising out of the equity of the situation will be resolved in favor of the prevailing party. Smith v. Tipps, Tex.Comm.App., 229 S.W. 307; Shaw v. First State Bank, Tex.Civ.App., 13 S.W.2d 133. The discretion of the trial judge as to the amount to be paid for child support will not be disturbed on appeal unless the record affirmatively demonstrates a clear abuse of discretion. Hooks v. Hooks, Tex.Civ. App., 139 S.W.2d 305; Scott v. Fort Worth Nat'l Bank, Tex.Civ.App., 170 S.W.2d 576.

We have examined the record in the light of these authorities. Appellant supported his motion by showing that the older of the two children with which the original support order was concerned had attained eighteen years and therefore was no longer the subject of child support payments; that an older daughter with whom the original order was not concerned, was married and no longer lived with appellee; that appellant had remarried and his present wife has five minor children by a prior marriage; and that due to added cost of living, he was no longer financially able to contribute the sum of $250.00 per month as child support. Appellant earns $970.00 per month, which was substantially the same amount earned by him when the divorce was originally granted. He has remarried and is now contributing $150.00 per month to the house payments of the house he is now living in, together with other payments and expenses incident to his present household. In substance, he contends that his present expenses for his new family are approximately $787.00 per month and that his net pay amounts to about $800.00 a month.

Appellee testified that the total cost of expenses for maintaining the one minor child approximates $338.45 per month. This includes one-half of the house payments, a maid, food, dental bills, and other items of maintenance. The testimony reveals that pursuant to the terms of the original property settlement agreement between appellant and appellee, appellant had agreed to pay the monthly payments on the existing mortgage of the home occupied by appellee and her children. It is also undisputed that appellant had failed and refused to pay these payments and that appellee has been required to borrow the money to make same to avoid foreclosure.

■ It is elementary that each case involving the question as to the amount of child support payments must depend upon the facts of the particular case. Cockrell v. Cockrell, Tex.Civ.App., 298 S.W.2d 178. And a ruling for child support will be modified only if there has been a material change in circumstances or conditions. 27B C.J.S. Divorce § 322(2), p. 695. A review of the evidence here reveals that the changed conditions, as they apply to appellant, were primarily brought about due to his subsequent remarriage. Of course he may remarry, but any economic changes brought about by such remarriage must not militate against his dependent children. Brito v. Brito, Tex.Civ.App., 346 S.W.2d 133. The very fact that one child reaches the age of eighteen, and the appellant is thereby no longer legally required to contribute to his support, does not automatically reduce the child support payments by one-half, as contended by appellant. The court, in considering application for reduction, must consider all of the facts relating to changed condition, as well as the fact that one child is not now dependent. From a review of this testimony it is quite obvious that the failure on the part of appellant to comply with his contractual obligation to meet the house payments is a material factor in support of the court's refusal to modify payments. Certainly we cannot say that there is no evidence in this record to support the court's denial of reduction. Neither can we say that there is

shown a clear abuse of discretion which would justify us in reversing the order.

Appellant's second point complains of the admissibility of certain testimony relating to assistance given by appellee to the oldest child. We must assume that the trial court considered only admissible evidence in determining the final order. If the testimony was not admissible, as contended by appellant, we presume that the trial judge disregarded such testimony. Moreover, having reviewed the testimony complained of by appellant we find the admissibility thereof, if it was error, to be harmless. Rule 434, Texas Rules Civil Procedure; 41–B Tex.Jur., pp. 840–841.

The judgment of the trial court is affirmed.

Affirmed.