**Terry Earl BROGDON, Appellant,**

v.

**Doris BROGDON, Appellee.**

**No. 16651.**

Court of Civil Appeals of Texas.

Fort Worth.

June 11, 1965.

Rehearing Denied July 16, 1965.

Friberg & Parish and Elmer H. Parish, Wichita Falls, for appellant.

John E. McKelvey, Electra, for appellee.

MASSEY, Chief Justice.

This is an appeal from an order denying appellant's motion for reduction of child support payments.

Appellee was granted a divorce from appellant in March, 1961. She was awarded custody of the three young children. Appellant was ordered to pay $300 per month child support, and to pay the balance due on an automobile which was awarded to the appellee.

On June 6, 1961, at appellant's request, the support payments were reduced to the sum of $200 per month until the appellant paid the balance of $2,913 due on the automobile. The judgment provided for resumption of $300 per month support payments when the automobile payments were completed.

In December, 1964, appellant filed a motion for reduction of the $300 per month support payments on the ground that he

could not pay said amount because of greatly reduced income. His request was denied.

Appellee testified she was employed at a salary of $250 per month. She was "barely" able to support the children on the $200 monthly support payments and her salary.

Appellant testified: his income, because of decreased prices for cattle and diminishing income from oil royalty, dropped from $18,000 in 1960 to $4,100 in 1964; the combined income of appellant and his present wife was $3,485.60 in 1962, and of that amount his wife earned $2,300; in 1963 the combined income was $6,000, of which $2,157 was earned by his wife; his wife will lose her job in January; he owns some farm and ranch land, all of which is heavily mortgaged; the price of cattle declined fifty per cent for 1963; operating expenses, however, are rising; Production Credit Co. has a lien on his cattle and equipment to secure an $18,000 indebtedness; he is required to pay over to the Credit Company all proceeds of cattle sales; during current year he borrowed $500 from his mother and $1,000 from his father-in-law for living expenses; he is going "deeper in debt" all the time and if required to pay $300 per month child support will "just go that much deeper."

■ The appellate court will not disturb the trial court's child support order unless there is a clear abuse of discretion. Brito v. Brito, 346 S.W.2d 133 (El Paso Civ.App., 1961, ref., n. r. e.); Madden v. Madden, 365 S.W.2d 427 (Fort Worth Civ.App., 1963, no writ hist.); Beaird v. Beaird, 380 S.W.2d 730 (Dallas Civ.App., 1964, no writ hist.).

The amount of support in cases of this kind is always dependent not only upon the needs of the child but upon the ability of the parents to contribute. Art. 4639a, Vernon's Ann.Tex.Civ.St.

■ In determining the duty of the father to supply necessaries to his children after divorce, it is to be borne in mind that his duty corresponds to his financial ability, having due regard to all his lawful obligations. Gully v. Gully, 111 Tex. 233, 231 S. W. 97, 15 A.L.R. 564 (1921); Barlow v. Barlow, 282 S.W.2d 429 (El Paso Civ.App., 1955, no writ hist.); Angel v. Todd, 368 S. W.2d 224 (Houston Civ.App., 1963, no writ hist.).

Appellee did not in this case contradict, deny or rebut any part of appellant's testimony concerning his financial condition, nor did she attack his credibility.

Appellant's testimony that his income dropped from $18,000 in 1960 to $4,100 in 1964 was undisputed, as was his testimony as to increased expenses, debts, mortgages, etc.

If his testimony were true, and it was not disputed, contradicted or rebutted, it is manifest appellant was financially unable to pay $300 per month, taking into account his financial condition, the needs of the children, and all circumstances shown in the record.

■ However, in our opinion, the trial court was entitled to disbelieve the testimony of appellant, he being an interested party and such evidence having a character which appellee could not readily rebut. Obviously he did disbelieve it.

Judgment affirmed.

RENFRO, J., dissents.

RENFRO, Justice (dissenting).

In my opinion the appellant was, under the undisputed evidence, entitled to some reduction in support payments. I would reverse and remand.