**E. Q. HEARN, Appellant,**

v.

**June HEARN, Appellee.**

**No. 461.**

Court of Civil Appeals of Texas.

Tyler.

Dec. 11, 1969.

Howard C. Douglas, Mineola, for appellant.

F. L. Garrison, Gilmer, Flynt & Pickett, James T. Flynt, Mineola, for appellee.

MOORE, Justice.

Appellant, E. Q. Hearn, filed suit against appellee, June Hearn for a divorce. His prayer was for a divorce, division of the community property and for a judgment awarding custody of the two minor children to appellee, June Hearn, together with an order requiring him to contribute a reasonable sum for their support. Appellee answered with a general denial and a cross-action in which she also sought a divorce, a division of the community property, custody of the children, together with an order of child support and a reasonable attorney's fee.

After a trial before the court, sitting without a jury, the trial judge entered judgment granting appellee, June Hearn, a divorce, custody of the children, child support in the amount of $150.00 per month for each child, a division of the community property and an attorney's fee in the amount of $400.00. Appellant duly perfected this appeal and complains only of the amount of the child support set by the court, the division of the community property and the award of attorney's fees in favor of appellee.

 The record is before us without findings of fact or conclusions of law. Under these circumstances, the court's judgment implies all necessary fact findings in support thereof and in our review, we must consider only that evidence which is most favorable to the judgment and disregard that which is contrary thereto. Renfro Drug Co. v. Lewis, 149 Tex. 507, 235 S. W.2d 609, 23 A.L.R.2d 1114; Beaird v. Beaird, 380 S.W.2d 730, (Tex.Civ.App., Dallas, 1964, writ ref., n. r. e.). Accordingly, each of the appellant's points of error will be hereinafter considered in light of such rule.

By the first point of error, appellant urges that the trial court abused its discre-

tion in setting the child support payments in the amount of $300.00 a month, $80.00 of which he says was awarded for the purpose of making payment on the home awarded to the appellee.

While the record shows that the trial court awarded appellee $300.00 per month in child support payments, the record fails to bear out the statement that the trial court deemed that a portion thereof was to be used for payments on the home.

The evidence shows that the parties were married on June 30, 1962, and as a result of their marriage, two children were born. During the past 15 years, appellant has been employed as an agent-consignee for Texaco, Inc., selling oil and gas products to service stations and farm accounts. Prior to the separation, appellant drove and operated his own truck and Mrs. Hearn kept the books and records for the business. In 1968, the year immediately prior to their divorce, the gross income from that business amounted to approximately $20,746.65. While the record does not contain any direct evidence as to the exact amount of the expenses involved in the operation of the business, when all the evidence is used in a light most favorable to the judgment, it shows that a major portion of the $20,746.65 amounted to a net profit. Appellant testified, however, that subsequent to the separation in 1969 he had lost two of his accounts thereby reducing his gross income by $1,980.00 per year and as a result of the separation, it was necessary for him to hire a temporary truck driver and a secretary, thereby increasing his operating expenses by approximately $5,800.00 per year. According to his testimony, his net income was only approximately $420.00 per month. He also testified that he was required to pay child support to another child by a previous marriage in the amount of $60.00 per month and that if he is required to pay such an amount in addition to the $150.00 per month for each of the children by the present marriage, it would be impossible for him to meet his own living expenses. He did not, however, introduce any of his business records in support of his testimony. The evidence further shows that Mrs. Hearn is unemployed and has no means to contribute to the support of the children. She testified that the expenses of maintaining and rearing the children in the station and life in which they were accustomed would exceed the sum of $300.00 per month.

■ In determining the duty of the father to supply necessaries to his children after divorce, it is to be borne in mind that his duty corresponds to his financial ability, having due regard to all of his lawful obligations. Gully v. Gully, 111 Tex. 233, 231 S.W. 97, 15 A.L.R. 564 (1921); Brogdon v. Brogdon, 392 S.W.2d 385 (Tex. Civ.App., Fort Worth, 1965, refused, n. r. e.).

■ The appellate court will not disturb the trial court's child support order unless there is a clear abuse of discretion. Brito v. Brito, 346 S.W.2d 133 (El Paso, Tex. Civ.App., 1961, ref., n. r. e.); Beaird v. Beaird, supra; Brogdon v. Brogdon, supra.

■ If appellant's testimony showing his net income had been reduced to $420.00 per month be taken as true, it would seem to be obvious that he would be financially unable to make child support payments in the amount of $360.00 per month. However, as stated, he did not offer any of his records or any other evidence in support of his oral testimony. The trial court apparently chose to disbelieve his testimony. As the trier of the fact, the trial court was the sole and exclusive judge of the credibility of the appellant's testimony, especially since he was an interested party and his testimony with respect to his earnings was such that appellee could not easily rebut the same. Brogdon v. Brogdon, supra.

Therefore, in support of the judgment we must presume that the trial court found that appellant's gross income in the future would continue to be approximately the same as

that earned by him in 1968, amounting to approximately $20,746.65 and that even though his expenses had increased by approximately $5,800.00 per year, his net profit would still be sufficient to meet his child support payments. When viewed in a light most favorable to the judgment, we think the evidence was sufficient to show that appellant was financially able to pay the sum of $300.00 per month as child support for his two minor children. Consequently we hold that appellant failed to discharge his burden of showing that the amount of child support payments constituted an abuse of discretion.

By the second point, appellant contends that the award of the $400.00 attorney's fee to appellee is not supported by the evidence and constitutes an abuse of discretion. We overrule this contention.

■ The general rule is that when the husband brings suit and the wife defends, she is in a position to claim an allowance for the expense of suit and for counsel fees, which may be granted on a proper showing by virtue of general equity jurisdiction of the court. Portwood v. Portwood, 109 S.W.2d 515 (Tex.Civ.App., Eastland, 1937, dismissed).

Appellant argues that since the court refused to award him any of the community property, he should not be required to pay his wife's attorney's fee. This conclusion is not justified by the record. The judgment shows that the trial court attempted to divide the community property between the parties as will hereinafter be demonstrated.

The record also shows that in connection with her claim for attorney fees in the main suit, it was necessary for appellee to obtain a temporary injunction and an order of child support pendente lite. She offered proof showing that the sum of $400.00 was reasonable.

■ The mere fact that a divorce decree has the effect of requiring the husband to pay all of the attorney's fees out of his

share of the community estate and thereby awards him less of the community estate than awarded the wife does not condemn the decree. The attorney's fee is but a factor to be considered by the court in making an equitable division of the estate considering the conditions and needs of the parties and all the surrounding circumstances. Carle v. Carle, 149 Tex. 469, 234 S.W.2d 1002, 1005. Under the holding in the foregoing case, the mere fact that the trial court required appellant to pay appellee's attorney fee does not constitute an abuse of discretion. As we view it there was ample evidence to support the award of attorney's fee as well as the reasonableness thereof.

By the third, fourth and fifth points, appellant contends that the trial court abused its discretion in partitioning the community property because the same was not fairly and equally divided.

The record shows that appellee was awarded the home valued at approximately $10,000.00 on which she was required to assume a $7,500.00 mortgage. She was also awarded a 1966 Mustang automobile, together with all the household and kitchen furniture. Appellant was awarded all other community property including his Texaco consignment business, together with his trucks, tanks and inventory; his interest in a partnership known as E-Tex Sales; the rabbit farm consisting of a stock of rabbits of the approximate value of $1,000.00, together with all improvements on the 26-acre farm which was owned by him as his separate property, and all other items of the community estate which were not specifically awarded to the appellee. The decree recites that the trial court found that appellant had expended certain community funds on separate property owned by appellant and his mother which enhanced the value thereof.

■ Appellant first asserts that the judgment is void because it divests him of his title in the community homestead. He contends that under Article 4638, Vernon's

Annotated Civil Statutes, the court was prohibited from divesting either party of the title thereto and that the same should have been sold and the proceeds divided. The contention is without merit.

It is now settled that the portion of Art. 4638, contained in the last sentence thereof which prohibits the divestiture of title by either party to real estate, has no application to the community real estate but applies only to the separate property of each party. Hailey v. Hailey, 160 Tex. 372, 331 S.W.2d 299; Reardon v. Reardon, 163 Tex. 605, 359 S.W.2d 329.

Appellant next says that the trial court abused its discretion in granting appellee all of the community property. As we have shown, this statement is not borne out by the record. Appellant was awarded his business together with all equipment, inventory and supplies as well as his interest in E-Tex Sales and the rabbit business and numerous other items of personal property. The judgment also reflects that the trial court took into consideration the amount of community funds which appellant had theretofore expended upon his own separate property as well as that which was owned by him and his mother jointly. He insists, however, that since the court required him to pay the community debts which he contends exceeded the value of his equity, he actually got nothing, whereas appellee upon being awarded the equity in the home, the automobile and the furniture received all of the community property having any value. While the evidence shows community debts of approximately $6,800.00 exclusive of the mortgage indebtedness on the homestead, the vast majority of the debts represent expenses incurred in the operation of the Texaco consignment business. The remainder was for living expenses incurred prior to separation.

■ Our statutes confer upon courts granting a divorce broad discretion in disposing of the community property, and its action in the exercise of that discretion should not be disturbed on appeal unless an abuse of discretion is shown. Art. 4638, supra, Hedtke v. Hedtke, 112 Tex. 404, 248 S.W. 21, 23, (1923); Keene v. Keene, 445 S.W.2d 624, (Tex.Civ.App., Dallas, 1969, n. w. h.).

■ The division of community property does not have to be equal. Roye v. Roye, 404 S.W.2d 92, 95, (Tex.Civ.App., Tyler 1966, n. w. h.). The court may consider the probable future need of the parties, the size of the estate, the relative ability of the parties and the benefits the innocent spouse would have received from the continuation of the marriage. Vol. 13, Vernon's Texas Civil Statutes, Sec. 12, p. 48; Roye v. Roye, supra, Pickitt v. Pickitt, 401 S.W.2d 846 (Tex.Civ.App., Tyler, 1966, n. w. h.).

Upon applying the foregoing principles of law and upon viewing the evidence as it relates to the community property in a light most favorable to the judgment, we have concluded that appellant failed to discharge his burden of showing an abuse of discretion in the division of the community property. Appellant's third, fourth and fifth points are therefore overruled.

Accordingly the judgment of the trial court must be affirmed.