Richard K. DENNIS, Appellant,

v.

Barbara S. DENNIS, Appellee.

No. 776.

Court of Civil Appeals of Texas, Tyler.

Aug. 1, 1974.

Dale Long, Tyler, for appellant.

Potter, Lasater, Guinn, Minton & Knight, Robert E. Henry, Jr., Tyler, for appellee.

DUNAGAN, Chief Justice.

Appellant, Richard K. Dennis, filed suit in an effort to reduce his child support payments arising out of a divorce between himself and his former wife and appellee, Barbara S. Dennis. They were divorced in December of 1972. Mrs. Dennis was awarded custody of their two minor children, ages 14 and 12. The child support payments, along with the property settlement, were agreed upon by the parties in a contractual arrangement. Appellant pays $300.00 per month per child in support. He earns approximately $22,000.00 per year. Upon trial before the court—appellant was denied a reduction in support payments. From this order appellant has perfected his appeal to this court.

Pursuant to appellant's request therefor, the trial court prepared and filed its findings of fact and conclusions of law.

By his points of error appellant asserts that there is no evidence or the evidence is contrary to the great weight and overwhelming preponderance of the evidence to support the trial court's refusal to reduce the amount of the child support payments, and its order denying such reduction constitutes an abuse of discretion. We look only to the favorable evidence in passing upon the no evidence points, and the entire record in passing upon the insufficient evidence point of error. Cartwright v. Canode, 106 Tex. 502, 171 S.W. 696 (1914);

Biggers v. Continental Bus System, 157 Tex. 351, 303 S.W.2d 359 (1957); In re King's Estate, 150 Tex. 662, 244 S.W.2d 660 (1952).

The parties were divorced on December 8, 1972. As a result of the marriage of these parties, there are two children who were at the time of the divorce 14 and 12 years of age, one boy and one girl. Prior thereto, on December 8, 1972, they had entered into a property settlement and child support agreement. As to child support, the agreement provided that the appellant was to pay the sum of $600.00 per month for the support and benefit of the two children of the marriage and that appellant was to be entitled to claim the children as dependents on all future income tax returns.

In the original decree of divorce (December 8, 1972), the children were awarded to the appellee herein and the judgment further provided that "after investigation of the financial circumstances of both Relator and Respondent, that the Respondent is well able to contribute to the support of said children, and that said parties have entered into a child support agreement as part of the agreement * * * which requires support payments from Respondent (appellant) for said children from December 13, 1972 through May 1977 of $600.00 per month and the sum of $300.00 December 1976 through October 1978. The said monies, when received, shall be paid over by the Clerk of this Court to Relator for the support and maintenance of said children. It is accordingly ordered that Respondent pay into the Registry of the Court for the benefit of said minor children the sums of support set out in such child support agreement above referred to. * * *"

On January 26, 1973, appellant filed a petition to waive the six month prohibition against remarriage. The court rendered its order on February 5, 1973, granted appellant's petition and waived the six month's prohibition against remarriage.

On February 14, 1973, the appellant remarried and assumed the responsibilities of a new wife who has a child of her own. Appellant's new wife receives $150.00 per month child support from the child's father.

On May 10, 1973, appellant filed his petition to reduce the child support payments which he had previously agreed to make and which he had been ordered to pay by the divorce judgment, which petition was denied.

Among the voluminous findings, the court found that the needs of the children "in order to adequately provide for their support, education, maintenance and welfare, justify child support payments of $600.00 per month, and that Respondent (appellant) has an adequate income in excess of $22,000.00 per year as a C.P.A. * * * to support such children."

The evidence shows that appellant is employed as a comptroller of Tyler Pipe Industries, Inc. He began his employment with this company in August, 1970, at a salary of $20,000.00 per year. In 1972, his base salary had risen to $22,200.00, an increase of some $2,000.00 per year in less than eighteen months. In addition to his salary, appellant has received bonuses of $1,500.00 in January 1972 and 1973, this second bonus being paid after the decree of divorce was entered. Further, appellant is also furnished a company car, which he received after the property settlement agreement was signed, and he is furnished with free gasoline and company insurance for said car. Appellant admits that this company car would save him from $1,500.00 to $1,800.00 per year in automobile expense.

It is shown that appellee has no professional degree or special skills with which to provide adequately for the two children here involved. She was employed at the time of the trial as a secretary and earned approximately $400.00 per month.

It is further shown that prior to the divorce the children were accustomed to

being in a home where the head of the household earned approximately $23,700.00 per year. Subsequent to the divorce, their family income dropped to $12,000.00 per year, being the total of the $400.00 salary of appellee and the $600.00 per month child support.

The appellee testified that her expenses from the time of the divorce to the time of the hearing were approximately between $900.00 and $1,000.00 per month and that approximately one-third of said expenses were personal to her.

During the months of September and October, 1972, after the parties had separated and the appellee had begun to work full time, the appellant and appellee began discussing the financial aspects of the pending divorce. It was at this time that they realized it would take between $900.00 and $1,000.00 per month in order to maintain the children in a similar station of living as they had been accustomed to. The appellant testified he told both the attorney and his former wife that he did not want the children to suffer financially because of the divorce, and that he wanted them to be able to maintain the standard of living he had established for them.

Other than the improvements in his financial condition, the only change in circumstances appellant testified to was his inability to pay all his bills along with the fact that he has remarried.

The trial court found that the child support payments did not become burdensome on appellant until his remarriage and incurring such unusual expenditures on his new family.

The court concluded as a matter of law that the appellant "has made no showing of the change in circumstances which would justify a reduction of child support payments."

Each case involving the question of child support payments must stand on its own facts, and trial courts by necessity have wide discretion in regard thereto. Madden v. Madden, 365 S.W.2d 427 (Tex. Civ.App., Fort Worth, 1963, n. w. h.); Cockrell v. Cockrell, 298 S.W.2d 178 (Tex.Civ.App., Amarillo, 1957, n. w. h.); Rider v. Rider, 143 S.W.2d 222 (Tex.Civ. App., Forth Worth, 1940, n. w. h.). The amount of child support depends upon the ability of the father and the needs of the children, having in mind their station in life. Brooks v. Brooks, 480 S.W.2d 463 (Tex.Civ.App., Eastland, 1972, n. w. h.); Schwartz v. Jacob, 394 S.W.2d 15 (Tex. Civ.App., Houston, 1965, writ ref'd., n. r. e.); Thompson v. Thompson, 380 S.W.2d 632 (Tex.Civ.App., Fort Worth, 1964, n. w. h.); Angel v. Todd, 368 S.W.2d 224 (Tex.Civ.App., Houston, 1963, n. w. h.). The court must make such orders respecting support as is for the best interest of the children. Simonsen v. Simonsen, 414 S.W.2d 54 (Tex.Civ.App., Amarillo, 1967, n. w. h.); Art. 4639a, Vernon's Ann.Tex. Civ.St.

The basic question presented on this appeal is whether the trial court clearly abused its discretion in denying appellant's motion to reduce the child support payments.

Appellant was within his legal rights to remarry but any economic changes brought about by appellant's remarriage must not militate against his dependent children. Beaird v. Beaird, 380 S.W.2d 730 (Tex.Civ.App., Dallas, 1964, n. w. h.); Brito v. Brito, 346 S.W.2d 133 (Tex.Civ.App., El Paso, 1961, writ ref'd., n. r. e.).

Viewing the evidence in the light which we must, we have concluded there is probative evidence to support the trial court's findings, and that such findings are not against the great weight and preponderance of the evidence. Therefore, under the state of the record, we cannot say that the trial court clearly abused its discretion. The judgment of the trial court is accordingly affirmed. Menzies v. Menzies, 419 S.W.2d 398 (Tex.Civ.App., Houston, 1st

Dist., 1967, n. w. h.); Palmer v. Palmer, 362 S.W.2d 914 (Tex.Civ.App., San Antonio, 1962, n. w. h.); Madden v. Madden, supra.

Judgment affirmed.