Jerry Malcolm **CUNNINGHAM**, Appellant,

v.

Linda Kay **CUNNINGHAM**, Appellee.

No. 909.

Court of Civil Appeals of Texas,
Corpus Christi.

Oct. 31, 1974.

Guy Leland Watts, Watts & Garcia, Corpus Christi, for appellant.

Robert L. Joseph, Sinton, for appellee.

## OPINION

YOUNG, Justice.

This is an appeal from the judgment entered in a divorce action. After a trial to the court without a jury, the trial court entered a judgment granting to the wife a divorce and custody of the two children of the marriage, dividing the property of the parties, and providing child support. Findings of fact and conclusions of law were filed by the trial court. The findings of fact are not challenged by either party.

The husband-appellant challenges: (1) the division of the property as being manifestly unjust; (2) the award of child support as being in excess of his ability to pay.

The parties were married February 16, 1957. Their two minor children, both boys, were 15 and 12 years old at the time of trial. They acquired all of their property during their marriage, and neither party urges that it is not community property in its entirety. Of their property and debts the wife was awarded the following:

1.  The home with its indebtedness.

2.  All of the furnishings in the home except the gun cabinet.

3.  The 1972 Chevrolet automobile with its indebtedness.

4.  All benefits of her teacher retirement plan.

5. All insurance on her life.

6. All personal property in her possession.

The husband was awarded the following:

1. Three city lots in Rockport, Aransas County, Texas.

2. The 1972 Chevrolet pickup with its indebtedness.

3. All benefits of his company retirement and thrift plan.

4. All insurance on his life.

5. All personal property in his possession, including guns and tools.

6. The gun cabinet.

7. All community debts except those awarded to the wife, including all of those connected with his printing business.

About the division of property, Section 3.63, Family Code, V.A.C.S., provides:

"In a decree of divorce or annulment the court shall order a division of the estate of the parties in a manner that the court deems just and right, having due regard for the rights of each party and children of the marriage."

In that regard, we follow the principles recently restated in Bell v. Bell, 513 S.W.2d 20 (Tex.Sup.1974), that: the division does not have to be equal; the trial court is given wide discretion in making the division; the discretion will not be disturbed on appeal unless the trial court has clearly abused its discretion.

In our case, the husband-appellant complains, chiefly, that the trial court awarded the chief asset, the home, to the wife and most of the debts to him. The trial court made no findings about the value of the items of community property or debt and the record reflects scant evidence in that regard. The husband did testify that their equity in the home is worth approximately $10,000.00 and that the indebtedness against the home is approximately $18,000.00. He further testified that other indebtedness

(for which the court has made him responsible) resulted from his printing business ($3,200.00) and a home air conditioner replacement ($1,300.00) in the total amount of $4,500.00; that there was a borrowed down payment on the home of $3,000.00 on which he pays $105.00 per month. Appellant argues that therefore the home should have been ordered sold and the community debts liquidated from the sale proceeds. We disagree.

■ We hold that the trial court did not abuse its discretion in its division of the property because of: the need of the homestead and its furnishings by the mother for her to maintain a stable home for the two children; the disparity in the earning capacity of the parties (husband's monthly gross earnings of approximately $1,000.00 compared to wife's approximately $600.00); and the award of known community debts to the wife ($18,000.00) of more than twice those to the husband ($4,500.00 plus $105.00 per month). Appellant's first point is overruled.

■■ About the child support, we here follow the rules recently summarized in Cooper v. Cooper, 513 S.W.2d 229 (Tex. Civ.App.—Houston [1st Dist.] 1974, n.w.h.) and Dennis v. Dennis, 512 S.W.2d 699 (Tex.Civ.App.—Tyler 1974, n.w.h.). In Cooper, a child support order should reflect the respective abilities of the spouses to contribute; the duty to support is not limited to bare necessities. In Dennis, the trial court has wide discretion in each child support case; that discretion will not be disturbed on appeal unless the court has clearly abused its discretion.

■ The husband-appellant complains that the award of $90.00 per month per child is in excess of his ability to pay. The evidence shows that the wife is a public school teacher whose monthly gross income is approximately $600.00, and the husband is employed by PPG Industries as a non-professional whose monthly gross income is approximately $1,000.00. The husband is capable of part-time work: a speed printing business, doing mechanical

work, and repairing small appliances. He estimated his living expenses to be $400.55 and stated his net take home pay to be $503.08. Thus, he maintains only $102.53 ($503.08–$400.55) is available to him for child support. From the evidence we calculate:

| | | |
|---|---|---|
| Husband's approximate monthly gross income | | $1,000.00 |
| Husband's monthly child support obligation | $180.00 | |
| Husband's monthly home down payment obligation | 105.00 | |
| Total deduction from gross income | | — 285.00 |
| Available to husband before required withholdings (social security and income tax) | | $ 715.00 |
| Wife's approximate monthly gross income | | $600.00 |
| Husband's monthly child support obligation | | + 180.00 |
| Available to wife before required withholdings (social security and income tax) | | $780.00 |

If the $780.00 is divided by 3 (wife and 2 children) the result is $260.00. Readily we see $715.00 available to the husband and $260.00 available to each member of the wife's household. Even if we concede that each of the childrens' expenses is less than those of an adult, the husband's monthly financial capacity is still greater than that of the wife. In other words, if we accept what the trial court apparently reasoned was necessary for the monthly support of the two children as $360.00 ($180.00 from the husband plus $180.00 from the wife), the wife has only $420.00 ($600.00 minus $180.00) available to her as compared to $715.00 to the husband. Considering all the circumstances, we hold that the trial court did not abuse its discretion by ordering the husband to pay $90.00 per month per child. Appellant's second point is overruled.

The judgment of the trial court is affirmed.