**Kenneth Reece PRICE, Appellant,**

v.

**Gloria Jean PRICE, Appellee.**

**No. 18295.**

Court of Civil Appeals of Texas, Fort Worth.

Sept. 25, 1980.

Steves & Morgan, and Sterling W. Steves, Fort Worth, for appellant.

Miteff & Finney, and Meto Miteff, Fort Worth, for appellee.

## OPINION

HUGHES, Justice.

By our decision we hold that the trial court committed reversible error in ordering Kenneth Reece Price to pay to Gloria Jean Price, as child support for their minor son, 22% of any net bonus received by Price from his employer, in addition to a fixed amount of $300 monthly. Only the bonus portion of the award is the subject of this appeal.

We reverse and remand.

The facts are not disputed in this case. Testimony reflects that Price received $25,-000 per year base salary plus 7% of the net profits in his district (Price being a District Director for Siemens Corporation.) Price's net income in 1975 was $16,953; in 1976 $57,987; in 1977 $76,266; and $57,062 in 1978. Price estimated his 1979 and 1980 net income at $18,690 and $21,600 respectively. He said 1979 and 1980 would be lower because his district was reduced to a smaller and less profitable district.

Price's total taxable income for the years 1974 through 1978, by the years was: 1978 $104,000; 1977–$122,000; 1976–$90,000; 1975–$22,000; and 1974–$38,000.

Mrs. Price testified to: being 34 years of age; completing the eighth grade; being unemployed the past eleven years; having no specialized training; and to having only two occupations before marriage (cashier and bartender). She also testified to her cost of living as being $1,200 to $1,300 per month, less rent and utilities (which she established at $400 to $500 per month.) She asked $800 per child per month as child support.

Price has child support payments of $150 monthly for his two children of a former marriage.

The support section of the decree recites: "IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the Respondent shall pay to the Petitioner as child support for the minor child of the parties the sum of $150.00 on each first and fifteenth day of each month, with the first payment of $150.00 to be paid on the 15th day of June, 1979, and a like payment of $150.00 on the first and fifteenth day of each month thereafter.

"IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Respondent shall pay to Petitioner as additional support and maintenance for the minor child of the parties a sum equal to twenty–two percent (22%) of each bonus payment that he receives from his employer. Said sum to be paid is to be calculated so that Respondent shall pay to Petitioner as it is received by Respondent twenty–two percent (22%) of the net bonus received after the deduction for income taxes is withheld from the bonus paid to him by his employer. It is the intention of the Court that Respondent shall pay as additional support and maintenance for the minor child of the parties twenty–two percent of any bonus he receives after deducting therefrom the Federal Income Taxes due on the amount to be paid. The payment of bonus received by Respondent shall be paid by him to Petitioner upon receipt thereof.

"IT IS FURTHER ORDERED that Respondent shall submit at least annually to Petitioner a statement reflecting any bonuses received by him for that year."

It is obvious that the trial judge used a mathematical percentage formula (22%) in the present case. The few Texas cases dealing with such formulae have held the use thereof to be error. *Barlow v. Barlow*, 282 S.W.2d 429 (Tex.Civ.App.-El Paso 1955, no writ); *Doss v. Doss*, 521 S.W.2d 709 (Tex.Civ.App. Houston [14th Dist.] 1975, no writ). *In Interest of J. M. and G. M.*, 585 S.W.2d 854 (Tex.Civ.App.-San Antonio 1979, no writ). Counsel for Mrs. Price attempted to distinguish between the present case and the above cited cases, but we do not find materiality in the distinctions. We can see here only "the arbitrary application of a 'formula'" (*Barlow, supra*) as in the cited cases.

One can but wonder at what kind of Pandora's Box situation might occur in these multiple marriage–multiple child

cases if children of former marriages were to assert their rights to "a piece of the action". If one child is entitled to a percentage of its father's future productivity, are not also his other children? If a person's future income is dedicated in a percentage part to one child, is it not unfair to the others if they are deprived of their fair share of support because of such dedication?

Since the trial judge's award of $300 child support was calculated with the bonus percentage involved, we deem it proper to remand the case for the judge to consider its child support award without a bonus percentile additional.

We reverse and remand.